Ruffin, Chief Justice.
 

 — -We concur in the opinion given by the Judge of the Superior Court, that the indictment is defective, and that the judgment must be arrested. It charges, that the defendant, on a particular day, and on divers other days and times before that day, sold and delivered spirituous liquors “ to certain slaves, whose names to the jurors are as yet unknown.”
 

 Every indictment ought to have convenient certainty
 
 *201
 
 as to time, place and persons; and give to the accused reasonable notice of the specific facts charged on him, so that he may have an opportunity of defending himself. Here the indictment conveys no information of that sort. It is not confined to a single joint sale to several persons, but embraces the transactions at large of divers days with divers persons. It is like an indictment in one count for divers distinct assaults and batteries on several persons at different times. To such a complication of separate accusations, the defendant ought not to be obliged to answer; and in this case he could not form the least conjecture of the facts to be proved against him, nor those to which he should prepare evidence.
 

 Besides that, we think the indictment does not sufficiently identify the slaves. It it true, the defendant might,- by proper averments upon a second indictment, show the identity of the slaves mentioned in both. But he ought not to be put to greater difficulty in sustaining his averments than is unavoidable. Here the description is barely that of being slaves, the names of the slaves not being given, nor their sex, nor the name of the owner, nor any other mark of identity. From necessity, indictments, alleging the name of a person to be unknown, are sustained when they are really unknown. But in general, the name must be given, and always, unless it be stated to be unknown. The Christian name alone will not suffice, unless the occupation or station be added, so as to identify the person from all others, as in the case stated in the books,
 
 John, Priest of A.
 
 As slaves have only one ** - name in general, that alone may be sufficient when stated. But it is by itself not very satisfactory, because there is a more perfect mode of identifying the person, by stating him to be a slave named A., the property of a particular person, so as to distinguish this from other slaves of the same name. That is the usual method of describing a slave in ordinary transactions, as well as in legal proceedings. For this purpose, proof of reputed ownership would probably support the allegation. But although it may not be necessary to state the owner, where the slave is described
 
 *202
 
 by his name, yet where the name of the slave is not given, and cannot be given, because unknown, he may to some extent be identified by stating whose property he is. That is a step towards distinguishing the particular person, and would not leave the proof at large of any and all slaves. It is not doubted, that the indictment would be good, if it alleged the name of the slave, and the owner of the slave, to be both unknown. But the indictment ought so to state as to both facts; and we think it is but demanding reasonable precision to a common intent, to require the property to be set out, as part of the
 
 descriptio per-sones,
 
 when the name of the slave is unknown. If neither the property nor the name be given, as each goes equally to the identity, the excuse for not doing so ought to appear in the indictment, by the statement that the former was unknown, as well as the latter. That allegation is as proper and necessary as to one part of the description, as it is in respect of the other.
 

 Per Curiam. Judgment affirmed.