"The jurors for the State, upon their oath, present that John F. Faucett, late of the county of Caswell, laborer, on 7 May, 1828, with force and arms in the county of Caswell aforesaid, did sell and retail spirituous liquors by the small measure, to wit, by a measure less than a quart, without first having obtained a license according to law so to do, against the form of the statutes in such case made and provided, and against the peace and dignity of the State."
The defendant was convicted, and moved in arrest of judgment because the indictment did not aver that the retailing was to any particular person or persons. This motion was overruled, and judgment pronounced, from which the defendant appealed.
The statute (1 Rev. Stat., c. 34, s. 81) declares that "if (240) any person shall retail spirituous liquors by the small measure, in any other manner than is permitted by law, such person or persons so offending shall be subject to indictment, and upon conviction shall be fined at the discretion of the court a sum not less than five dollars for *Page 190 each and every offense." In an indictment for an offense it is not sufficient to charge the defendant generally with having committed it, but all the facts and circumstances constituting the offense must be specially set forth, every necessary ingredient in the offense must be set forth. In an indictment for extortion charging that the defendant took extorsively for every horse so much, and for every twenty sheep so much, was holden bad, because it charged the defendant with extortion generally, and not upon any particular person. Rex v. Roberts, 4 Mad., 103. So when a constable was indicted for behaving badly and negligently in the execution of his office without specifying any particular instance of negligence.Rex v. Witherington, 1 Stra., 2. The only exception to this rule are indictments against a common barrator, a common scold, for keeping a common gambling house, or bawdy house, without stating those circumstances which it may be necessary to give in evidence to show that it is a house of that description. The facts and circumstances which make up the body of the offense should be stated, that the defendant may determine the species of offense they constitute, in order that he may prepare his defense accordingly — that he be enabled to plead a conviction or acquittal upon this indictment. Archb. C. Prac., 41, 42. It seems to us that the statute on which the defendant was indicted constitutes each and every act of unlawful retailing a distinct offense. The indictment charges that the defendant "did sell and retail spirituous liquors" — but the vendee or vendees are not named; nor does it state that they are persons unknown. This way of charging the offense seems to us according to the above authorities to be too general. Certainty to a certain extent in general, is always required in framing indictments. Co. Litt., 303, and Rex v. Long, 5 Co., 121a; Archb. C. Prac., 43. On this indictment the defendant could not well known how to defend himself. He might have been surprised on the trial by testimony on behalf of the State, which, if the charge had been more particular and had (241) stated the name of the vendee of the spirituous liquors, he could have repelled by other evidence. State v. Blythe, ante, vol. 1, 199.
The judgment, we think, must be reversed.
PER CURIAM. Judgment reversed.
Cited: S. v. Hill, 79 N.C. 659; S. v. Miller, 93 N.C. 516. *Page 191