### STATE *v.* LEANDER STAMEY.

An indictment for selling or giving away spirituous liquors during a public election should set forth the name of the person to whom the liquor was sold or given.

When in such indictment, the offence was charged to have been committed "on and during an election day," the statute only making it an offence when done "during," &c., "a public election," *it was held,* that the variance was fatal. *Held further*, that the indictment should have negatived the selling upon "the prescription of a practising physician and for medical purposes," which is allowed by the act.

(*Blythe's* case, 1 Dev. & Bat. 199; *State* v. *Ritchie*, 2 Dev. & Bat. 29; *State* v. *Haithcock*, 7 Ired. 52; *Miller's* case, Ibid 275; and *State* v. *Eason*, 70 N. C. Rep. 88, cited and approved.)

INDICTMENT for selling spirituous liquor on the day of election, tried before *Cannon, J.,* at Spring Term, 1874, of the Superior Court of CLAY county.

It was charged in the indictment that the defendant, " on the 10th day of September, 1873, at and in the county of Clay, did give away and sell spirituous liquors to various persons, then and there being in the town of Haynesville, Clay county, on and during a public election day, within three miles of the election precinct of," &c., and concluding " against the form of the statue," &c."

The jury returned a verdict of guilty, whereupon the defendant moved an arrest of judgment upon the ground that the indictment was insufficient. His Honor allowed the motion and arrested the judgment. The Solicitor appealed.

*Attorney General Hargrove,* for the State.
No counsel in this Court for defendant.

BYNUM, J. The indictment is fatally defective in several particulars :

1. It does not set forth the name of any person to whom the liquor was given or sold. The offence charged is highly penal, and in order to defend himself the defendant must know not

only the offence charged, but the name of the person upon whom it was committed. A conviction upon this bill could not be pleaded in bar of another indictment for the same offence. An indictment charging the defendant with selling spirits to slaves is not good unless their names are given. *State* v. *Blythe,* 1 D. & B. 199. So to charge a white man with playing cards with a slave without naming him. *State* v. *Ritchie,* 2 D. & B. 29.

The purpose of setting forth the name of the person on whom the offence has been committed is to identify the particular fact or transaction on which the indictment is founded, so that the accused may have notice of the specfic charge and have the benefit of an acquittal or conviction if accused a second time.

2. The bill charges the offence to have been committed " on and during an *election day,*" whereas the statute only makes it an offence when done " during," &c., " a public election." No accepted rule for construing statutes creating crimes could, according to the words or spirit of this act, make it an offence to sell or give away liquor on an election day if for any good cause no election was held. The Court must see from the indictment itself the alleged crime. *State* v. *Haithcock,* 7 Ired. 52; *State* v. *Eason,* 70 N. C. Rep. 88.

3. The bill does not negative the selling upon " the prescription of a practising physician and for medical purposes," which is expressly allowed by the act creating the offence. Bat. Rev., chap. 32, sec. 149.

An indictment for trading with a slave in the day time by selling him spirituous liquors was held defective because it did not negative an *order* of the owner or manager, the statute creating the offence allowing such selling to a slave on such order. *State* v. *Miller,* 7 Ired. 275.

His Honor therefore properly arrested the judgment.

There is no error.

PER CURIAM.                                    Judgment affirmed.