STATE v. CUFF TRICE and others.

*Conspiracy—Judge's Charge—Indictment—Person to the jurors unknown.*

1. Indictment for conspiracy in three counts—first, for conspiring to commit rape upon F; second, the like offence upon E; and third, the same upon

"certain female persons to the jurors unknown"; *Held*, as there was no evidence of a common design, the defendants were entitled to a verdict of acquittal.

2. *Held further*, that the charge of the court, being, in effect, that the jury might convict upon the first two counts, unsupported by evidence, provided they thought the defendants guilty under the third count, is erroneous.

3. Distinction between cases where the indictment charges distinct offences in the different counts, as here, and those where the counts vary the same offence to meet the probable proofs, pointed out by RUFFIN, J.

4. Although the name of the person upon whom an offence is charged to have been committed, be to the jurors unknown, yet the proof must identify the party injured as completely as if his real name appeared in the indictment.

INDICTMENT for conspiracy tried at Fall Term, 1882, of WAKE Superior Court, before *McKoy, J.*

The defendants (with one Mack Cross, who was not on trial) are indicted in three counts: the first, for conspiring to commit rape upon the person of one Fidelia Upchurch; the second, for conspiring to commit the like offence upon one Effie Upchurch; and the third, for that "they did unlawfully conspire and agree together to commit rape, and, in pursuance and according to said conspiracy, did prepare certain powders, which they did then and there unlawfully conspire and agree to administer to certain female persons to the jurors unknown, with intent then and there feloniously to ravish and carnally know the said female persons to the jurors so unknown, &c."

On the trial, several witnesses testified to the general conversations with the defendant, Cuff Trice, in which he stated that he had a certain powder, or weed, by the use of which he could overcome any woman's scruples, and do with her as he pleased.

One John Dones testified that on one occasion he saw the defendant, Cuff, give some powders to the defendant, Charles Trice, and Mack Cross, telling them at the time that by using the powders they could overcome any woman; and that Cuff also offered to sell the witness some of the same powders, but

his offer was declined. Some time thereafter, on a certain Saturday night, the witness met the defendant, Charles, and had some conversation with him as to where he was going, and, after some hesitation, he told the witness that he was going to "Upchurch's to overcome his girls"—that he was going to sprinkle some powders on their arms and joints, and in that way overcome them. Witness then watched him and saw him enter the house of Upchurch, where he remained for a short time, and then came out running, and Upchurch after him.

Upchurch testified that on the night alluded to by the last witness, some one entered the room where his two daughters were sleeping, and got under their bed, but in so doing alarmed them; thereupon they called the witness and he immediately went to their relief. As he entered the room, he saw some one run out, and he made pursuit, but was unable to overtake him.

The defendants called several witnesses to contradict and discredit the witness, Dones, and their evidence was submitted to the jury on that point.

Amongst other things, the court instructed the jury, that "if there was a corrupt combination between the defendants, or one of them with Mack Cross, to do any of the acts mentioned in the bill, to-wit, to rape Fidelia Upchurch, or Effie Upchurch, or a female person to the jurors unknown, or to have carnal intercourse with them by the use of any powders fraudulently used, and by such influence to overcome them, then, it would be the duty of the jury to find those guilty who entered into such corrupt combination, even though there was no evidence that their purpose had been attempted or accomplished."

The defendants asked the court to instruct the jury that there was no evidence that the defendant, Cuff, knew that the powders sold by him were to be used upon Fidelia or Effie Upchurch. This was refused by the judge, because "he had just told the jury that it was sufficient, if the evidence satisfied them that they were to be used upon any female to the jurors unknown."

The jury rendered a verdict of guilty as to both the defendants upon all three counts in the indictment, and they appealed from the judgment pronounced.

*Attorney-General,* for the State.
*Mr. W. J. Peele,* for defendants.

RUFFIN, J.    So far as can be seen from the statement of the case sent to this court, there was absolutely no evidence going to show that the defendant, Cuff Trice, connived at, or even knew of, the purpose of the other defendant to assault either of the two females whose names are specifically mentioned in the first and second counts of the indictment.    He, then, was certainly entitled to the charge as asked at the hands of the court; and so was his co-defendant, since the offence charged was of such a character that the question of the guilt or innocency of one of the parties necessarily affected that of the other.

The refusal of the court to give the instruction asked, taken in connection with that actually given, was in effect to tell the jury they might convict the defendants, upon the two first counts, though unsupported by any evidence, provided they thought them guilty under the third count.    Indeed, the charge admits of no other construction, and is, therefore, palpably erroneous.

It is not like the case of a general verdict of guilty upon an indictment, which contains some good counts and some defective ones.    There, the rule is that the court may proceed to judgment upon the good counts, on the ground that the evidence was sufficient to justify a conviction upon each and every one of the counts; and the sentence of the court is presumed to have been given with reference to the good counts alone.    But here, if any of the counts are good, all are good: they describe distinct offences, and not mere modifications of the same offence, varied so as to meet the probable results of the evidence, and the court is presumed to have proceeded to judgment under each and all of them, and, in fact has done so.    In no case will the law permit a ver-

dict and judgment to stand against a party for an offence, of which the evidence taken in the cause does not convict him, even though other counts in the same indictment should be supported by proof.

But, more than this: what evidence in the case goes to support, in the least, the third count in the indictment, as pointing *to any certain female person to the jurors unknown*, as the subject of the conspiracy there charged?

In cases where the person upon whom an offence is shown to have been committed, really exists, and yet his name should be unknown to the jurors, the law, from necessity, allows it to be so charged in an indictment; but still, the proofs must as completely identify the party injured as though his real name appeared upon the face of the bill. This must be so, or otherwise the record in such a case would afford no protection to the accused in the event of a second prosecution.

It may be, and such seems to be the idea under which this indictment is drawn, that dealing in such articles as are mentioned in the indictment, under a belief, however absurd, that they would be productive of the effects described, is an offence against society and punishable as such, because tending to deprave public morals and to breaches of the peace. But, if so, they must be so charged, and not as offences against "certain persons to the jurors unknown."

There is not one particle of evidence in the cause to connect the defendant, Cuff Trice, with any offence upon any particular person, known or unknown, and none whatever tending to show any dealings, even, between the defendant, Charles, and Mack Cross, the other party named in the indictment. As a charge for a conspiracy, therefore, the prosecution must fail.

Error.                                    *Venire de novo.*