STATE v. J. W. MILLER.

*Drummer— Taxation—Indictment.*

1. A drummer, within the meaning of the Acts of 1885, ch. 175, §28, is one, who, for himself, or as agent for a resident or non-resident merchant, travels, and sells or offers to sell, with or without sample, goods, wares or merchandise, which is afterwards to be sent to the purchaser.

2. Where an indictment under this Act charges the sale to have been to two as partners, and the proof is a sale to one only, the variance is fatal.

(*Albertson* v. *Wallace*, 81 N. C., 479 ; *State* v. *Faucette*, 4 Dev. & Bat., 107 ; *State* v. *Stamey*, 71 N. C., 202, cited and approved).

INDICTMENT, tried before *Meares, Judge,* and a jury, at October Term, 1885, of MECKLENBURG Criminal Court.

The indictment is for an alleged violation of §28, ch. 175, of the act to raise revenue, passed at the last session of the General Assembly, and contains two counts. In the first, the defendant is charged with the unlawful selling and attempting to sell, "goods, wares and merchandise" to M. C. Mayer and John Ross, partners trading under the firm name of Mayer & Ross, the said goods, wares and merchandise not being of his own manufacture, without having paid the tax and obtained the license therefor."

In the second count, he is charged with unlawfully selling and attempting to sell, while acting as the agent of the Union Milling Company, a foreign corporation, "goods, wares and mer-

chandise" of the said company, by wholesale, to the same copartnership, without having paid the tax and obtained a license.

Upon the trial, upon the plea of not guilty, the jury returned a special verdict in these words:

"The defendant is a member of the firm of R. M. Miller & Sons, who are general cotton and commission merchants, and doing business in the city of Charlotte. Some ninety days ago, the Union Milling Company of Detroit, Michigan, shipped to the order of J. L. Hardin, of Charlotte, N. C., a car-load of flour, and drew through the bank for the amount of the flour, with a bill of lading attached to the draft. J. L. Hardin refused to accept the draft, whereupon the draft was paid by the defendant, and the bill of lading turned over to the defendant. When the flour arrived in Charlotte it was delivered to the defendant, who took possession of the same. The defendant then took samples of the flour and went to, among others, one M. C. Mayer, at Mayer's place of business in Charlotte, and offered to sell the same by wholesale to him. M. C. Mayer is a merchant doing business in Charlotte, but in a different place from that of the defendant, and is in no way connected with the defendant. The business house of Mayer is on the same side of the street with that of the defendant, and in the same building. He finally sold it. The defendant returns the amount of his sales as a commission merchant for taxation. He accounted for the amount of this sale to the Union Milling Company, reserving his usual commissions. He has returned his commissions in this case for taxation. He has not paid the tax required by law for carrying on the business of a drummer, nor did he have a license to carry on the business of a drummer, at the time he offered the flour for sale to M. C. Mayer. If the Court should be of the opinion, from the foregoing finding, that the defendant is guilty, then the jury find him guilty; but if the Court should be of the opinion, from the foregoing facts, that the defendant is not guilty, then the jury find him not guilty."

Upon this verdict the Court adjudged the defendant J. W. Miller not guilty, and from the order of discharge the Solicitor, on behalf of the State, appealed.

*Attorney General* and *Reade, Busbee & Busbee*, for the State.
*Messrs. Bynum, Bynum & Shipp*, for the defendant.

SMITH, C. J., (after stating the facts). The offence with which the defendant is charged, is a violation of section 28, chapter 175, of the acts of 1885, entitled an act to raise revenue, such parts and so much of which, as are material in passing upon the appeal, are as follows :

" Every person acting as a drummer in his own behalf, or as agent for another person or firm, who shall sell or attempt to sell, goods, wares or merchandise of any description, by wholesale, with or without samples, shall, before soliciting orders or making any such sales, pay to the State Treasurer, a tax of one hundred dollars, and obtain a license which shall operate one year from its date, and shall be exempt from any other license tax, either State, county, city or town. * * * Any person violating the provisions of this section shall be guilty of a misdemeanor, and shall be fined not less than two hundred dollars, or imprisoned not less than ninety days," &c.

While the defendant as a general cotton and commission merchant in association with his sons and, under the partnership name of R. M. Miller & Sons, is conducting a regular and recognized business in Charlotte, upon which he pays all the taxes imposed under the revenue law, he is sought to be made responsible, as a " drummer" under another clause of the act, though not so designated in the charge, for the single act of selling a consigned and paid for lot of flour sent from a distant State.

We think few persons in reading the statute and noticing the different classes of employment or occupation there assessed, would regard the act of the defendant as a " drumming," and the defendant as a drummer within the purview of the section upon

33

which the indictment rests, nor could they well do so, without confounding business distinctions enumerated and separately taxed therein. The word, in our opinion, is neither used in the act, nor in its common acceptation, in a sense which admits its application to the conduct of the defendant, as ascertained in the special verdict. The writer of this opinion has examined the clauses imposing a tax upon the business of a drummer, contained in the series of enactments for raising revenue from 1866 to that of 1885, to discover its meaning from its relations and surroundings, and it is manifestly employed to mark out, as a proper subject for taxation, another and distinct employment from that of general and stationary merchandising, such as that in which the defendant is engaged.

In the Revenue Act of 1866, the tax is imposed upon "every non-resident merchant, drummer, or who shall come into this State and sell," &c. Ch. 21, §22.

In the Act of 1866–'67 the words are, "every non-resident or drummer, or agent of a non-resident, who shall sell," &c. Ch. 72, §22.

The same terms are used in the Act of 1868, ch. 108, §33; of 1869–'70, ch. 229, §27; of 1870–'71, ch. 227, §26; of 1871–'72, ch. 58, §24.

These statutes evidently confine the word "drummer," to agents and representatives of non-resident principals in whose employment they are, in soliciting purchases in the State.

In the subsequent Revenue Act, the sphere is enlarged, and "drummers and travelling agents of any person," resident or non-resident, are included. Act of 1872–'73, ch. 144, §23; Act of 1873–'74, ch. 134, §23; Act of 1874–'75, ch. 185, §23. In the Act of 1876–77, the language is varied in form, but in substance the same: "Every person acting as a drummer in his own behalf, or as agent for any other person"—ch. 156, §24; and this phraseology is pursued in subsequent enactments. Act of 1879, ch. 70, §25; Act of 1881, ch. 116, §19; Act of 1883, ch. 136, §28.

It is very obvious that this legislation is directed to a class of travelling or itinerant tradesmen, first to such as represented non-resident merchants, and whose occupation was in competition with resident merchants, who paid an assessment upon their business, to which the non-resident was not subject. It was subsequently extended to similar agencies, engaged in the same calling, of resident merchants, perhaps to avoid a discrimination that might fall under the inhibitions of the Federal Constitution. *Albertson* v. *Wallace*, 81 N. C., 479.

But the essential and distinguishing difference between these, and salesmen having a fixed place of business, is that the drummer is a travelling and soliciting salesman, and these separate callings are assessed with dissimilar taxes, in the entire series of financial legislation. That this is the sense 'of the legislation, is manifest from an inspection of the enactment itself. The expression " with or without samples," indicates the absence of the goods proposed to be sold from the place of sale, and can scarcely be supposed to include the home merchant, whose stock of goods is on hand for direct examination.

Our definition of the term is not without the support of judicial authority.

" The term "drummer,'" says TURNEY, Judge, delivering the opinion of the Court, " has acquired a common acceptation, and in applied to *commercial agents who are travelling for wholesale merchants, and supplying the retail trade with goods, or rather taking orders for goods to be shipped to the retail merchant,* upon which merchandise the State collects her revenue." *Singleton* v. *Fritsch*, 4 B. J. Lea (Tenn.), 93.

We are therefore clearly of opinion that the act of the defendant is not within the penal interdict of the statute, nor does it make the defendant a drummer, subject to its provisions.

But it is also to be noticed that the offence charged, is not that shown on the proofs and found by the jury. It is alleged in the indictment that the sale of the flour was made to M. C. Mayer and John Ross, partners, constituting the firm of Mayer & Ross;

that is, to these two persons, in their capacity as partners, while the finding in the special verdict, is of a sale made to M. C. Mayer alone. Upon the facts contained in the special verdict, the defendant cannot be adjudged guilty of the charge set out and specified in the indictment. *State* v. *Faucett,* 4 D. & B., 107; *State* v. *Stamey,* 71 N. C., 202. We have, however, deemed it best to dispose of the question as affecting the administration of the revenue law.

There is no error in the ruling, and the judgment must be affirmed.

No error.                                    Affirmed.