STATE v. H. L. EDWARDS.

(Filed 21 October, 1925.)

**1. Criminal Law—Worthless Checks—Indictment—Demurrer—Banks and and Banking.**

In order to charge a statutory offense under the criminal law, the indictment should set forth all the essential requisites therein prescribed, and no element should be left to inference or implication, and where the indictment is defective a demurrer is good.

**2. Same—Indictment.**

In order for an indictment to be sufficient to charge the unlawful giving of a check upon a bank under the act of 1925, it is required that

the charge not only be made that the maker of the check had insufficient funds on deposit there to meet the check, but among other things the indictment must charge that he had insufficient credits, etc., as the statute provides, and this provision is not affected by the prerequisite that the maker should have had the ten days notice, etc.

APPEAL by the State from *Daniels, J.,* at July Term, 1925, of HERTFORD.

The indictment charges: That H. L. Edwards, late of the county of Hertford, on the 1st day of March, in the year of our Lord one thousand nine hundred and twenty-five, at and in the county aforesaid, did unlawfully and wilfully draw and deliver to C. E. Myers & Co. a check signed by the said H. L. Edwards and drawn on a bank for the payment of money, and the said H. L. Edwards at the time of delivering said check had insufficient funds on deposit in said bank with which to pay said check upon its presentation, and the said H. L. Edwards unlawfully and wilfully did fail to provide said funds for the payment of said check upon its presentation, and further the said H. L. Edwards unlawfully and wilfully did fail to provide said funds for the payment of said check upon its presentation within ten days after written and verbal notice of nonpayment of said check, against the form of the statute in such case made and provided and against the peace and dignity of the State.

The defendant filed the following demurrer: "The defendant demurs to the bill of indictment in this action and avers that allegations and the count therein set up no crime or misdemeanor indictable under the laws of North Carolina, or the commission of any offense against the said State, for that chapter 14, Public Laws of North Carolina, Session 1925, known as the Worthless Check Act, violates and is repugnant to: First, Article I, section 16, of the Constitution of North Carolina; Second, Amendment XIV, section 1, of the Federal Constitution; and, Third, that the bill of indictment contains no allegation that the defendant failed to provide credits for the payment of the check set out in said bill.

The demurrer was sustained and the defendant discharged. The State excepted and appealed. C. S., 4649.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Lloyd J. Lawrence for defendant.*

ADAMS, J. Archbold defines a demurrer as a pleading by which the legality of the last preceding pleading is denied and put in issue;

and he says it is pleaded either to the indictment or to a special plea. Cr. Pr. & Pld., 354; *S. v. Moody,* 150 N. C., 847. The office of a demurrer is to take advantage of defects in substance or in form which appear upon the face of the indictment, thereby forestalling a prosecution on the ground that the charges do not constitute a breach of the criminal law; and the issue thus joined is to be determined by the court.

If the present indictment is defective upon its face the demurrer must be sustained without regard to the question whether the act prohibiting the giving of worthless checks is or is not constitutional. Laws 1925, ch. 14. That it is defective hardly admits of serious doubt. Where a statutory offense is charged the indictment should set forth all the essential requisites prescribed by the statute and no element should be left to inference or implication. Accordingly it was said in *S. v. Liles,* 78 N. C., 496: "Where the words of a statute are descriptive of the offense, the indictment should follow the language and expressly charge the described offense on the defendant, so as to bring it within all the material words of the statute"; and in *S. v. Mooney,* 173 N. C., 798: "It is well recognized that in indictments on a statute the essential words descriptive of the offense or their just equivalent must be given, and when the terms used have acquired a technical significance, for which there is no just equivalent, such words must be given with exactness. The correct position is very well stated in Clark's Cr. Procedure, as follows: 'It is generally necessary, subject to exceptions which we shall explain, not only to set forth all the facts and circumstances which go to make up the offense as defined in the statute, but also to pursue the precise and technical language of the statute in which they are expressed. If the words are technical and have no equivalent, it is well settled that no others can be substituted for them, for no others are exactly descriptive of the offense.'" This principle has been upheld in a number of our decisions. *S. v. Bragg,* 86 N. C., 688; *S. v. Merritt,* 89 N. C., 506; *S. v. Deal,* 92 N. C., 802; *S. v. Hall,* 93 N. C., 571; *S. v. Bagwell,* 107 N. C., 859.

The material parts of the act of 1925, ch. 14, are as follows:

"Section 1. Any person, firm or corporation who shall draw and deliver to another any check or draft signed or purporting to be signed by such person, firm or corporation, and drawn on any bank or depository for the payment of money or its equivalent, and who shall at the time of delivering any such check or draft, as aforesaid, have insufficient funds on deposit in or credits with such bank or depository with which to pay such check or draft upon its presentation and who shall fail to provide such funds or credits for the payment of such check or draft upon its presentation, or within ten days after written or verbal notice

of nonpayment, shall be guilty of a misdemeanor and shall be fined or imprisoned in the discretion of the court.

"Sec. 2. That the word 'credits' as used herein shall be construed to be an arrangement or understanding with the bank or depository upon which such check or draft is drawn for the payment of such check or draft upon its presentation."

An inspection of the statute will show that several elements enter into the constitution of the offense. There must be evidence (1) that the person charged has drawn and delivered to another a check or draft signed or purporting to be signed by him, and (2) drawn on a bank or depository for the payment of money or its equivalent; (3) that such person at the time of delivering the check or draft had insufficient (a) funds on deposit in or (b) credits with the bank or depository to pay the paper upon its presentation; and (4) that such person has failed to provide such funds or credits for the payment of the paper as provided by the statute—that is, (c) upon presentation or (d) within ten days after written or verbal notice of nonpayment.

It will readily be seen, therefore, that the indictment must charge both "insufficient funds" and "insufficient credits"; for though the funds on deposit may be insufficient, the "credits"—"the arrangement or understanding with the bank or depository"—may be amply sufficient to protect the check or draft upon its presentation. The indictment is fatally defective in that, while charging "insufficient funds on deposit" it makes no reference whatever to a want of credits; and the defect is not cured by the clause which affords the drawer an opportunity to provide funds or credits for payment upon presentation of the check or draft or within ten days after notice of nonpayment.

The act of 1907, ch. 975, C. S., 4283 (the original worthless check act), provides: "Every person who, with intent to cheat and defraud another, shall obtain money, credit, goods, wares or any other thing of value by means of a check," etc. In the act of 1925 there is no requirement that the check shall be given for value presently received, the language being sufficiently comprehensive to include a check or draft drawn to cover a past indebtedness. It is suggested in the appellant's brief that a proper construction requires the interpolation in the latter act of the words "for value" or their equivalent, as used in the former; but this question we need not consider for the reason that neither these words nor their equivalent may be found in the indictment.

The judgment is

Affirmed.