STATE v. T. J. HORTON.

(Filed 26 November, 1930.)

**False Pretense A a—Indictment under C. S., 4283 must charge an intent to defraud or deceive.**

In order to convict a defendant under the provisions of C. S., 4283, for obtaining property in return for a worthless check, the indictment must sufficiently charge an intent to cheat or defraud or that the defendant obtained a thing of value, chapter 14, Public Laws of 1925, which is ineffectual, and chapter 62, Public Laws of 1927, not being in effect at the time of the alleged offense, are not considered.

APPEAL by defendant from *Johnson, Special Judge,* at the May Criminal Term, 1930, of MOORE. Reversed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*R. O. Everett and H. F. Seawell, Jr., for defendant.*

PER CURIAM. The defendant was convicted for obtaining property in return for a worthless check in breach of C. S., 4283. It is unnecessary to consider either chapter 14, Public Laws 1925, which is not in effect, or chapter 62, Public Laws 1927, because it went into effect after the offense is alleged to have been committed.

C. S., 4383, is as follows: "Every person who, with intent to cheat and defraud another, shall obtain money, credit, goods, wares or any other thing of value by means of a check, draft or order of any kind upon any bank, person, firm or corporation, not indebted to the drawer, or where he has not provided for the payment or acceptance of the same, and the same be not paid upon presentation, shall be guilty of a misdemeanor, and upon conviction shall be fined or imprisoned, or both, at the discretion of the court. The giving of the aforesaid worthless check, draft, or order shall be prima facie evidence of an intent to cheat and defraud."

The defendant in apt time moved to dismiss the action; the motion was overruled, and the defendant excepted and appealed.

The defendant's motion should have been allowed. The warrant does not sufficiently charge either an intent to cheat and defraud or that the defendant obtained anything of value by means of the check. *S. v. Freeman,* 172 N. C., 925; *S. v. Edwards,* 190 N. C., 322. Judgment

Reversed.