STATE v. HORACE GARDNER.

(Filed 19 March, 1941.)

1. **Indictment § 13—**

   When it appears upon the face of the bill of indictment that no crime is charged therein, defendant's motion to quash must be allowed.

2. **Parent and Child § 9: Statutes § 8—**

   The statute, C. S., 4447, pertaining to abandonment of wife and children, being a penal statute, must be strictly construed.

3. **Same—**

   C. S., 4447, has no application to illegitimate children, and therefore an indictment drawn under this section charging defendant with the abandonment of his illegitimate child fails to charge a crime.

4. **Same—**

   In this State there is no statutory crime of abandonment of an illegitimate child, and no such crime existed at common law.

5. **Criminal Law § 81d—**

   Where defendant, on appeal from the county court, is tried upon a bill of indictment returned by the grand jury and not upon the warrant issued out of the general county court, the question as to the sufficiency of the warrant may not be raised on appeal to the Supreme Court.

APPEAL by defendant from *Armstrong, J.,* at September Term, 1940, of BUNCOMBE.

Proceeding upon indictment charging defendant with willful abandonment of his illegitimate child without providing adequate support.

The record discloses that, on 10 March, 1938, upon sworn written complaint of Gladys Autrey that she is to become the mother of an illegitimate child, that Horace Gardner is the father of said child, that she and Horace Gardner are not married to each other, that said child will become a charge upon the county, and that Horace Gardner has failed and refused to provide any aid for her, a warrant issued out of the general county court of Buncombe County, North Carolina, for defendant. On that charge the record shows: "Plea, Not guilty. Verdict, Guilty. The judgment of the court is that defendant, Horace Gardner, be confined to the common jail of Buncombe County for a period of six (6) months, to be assigned to work on the State Highway." Defendant appealed to Superior Court.

At regular term of Superior Court, on the third Monday in November,

1939, for the trial of both criminal and civil causes, the grand jury returned a true bill on indictment, which reads: "The jurors for the State, upon their oath, present: That Horace Gardner, late of Buncombe County, on the 1st day of Nov., 1939, with force and arms, at and in said county, did unlawfully, wilfully and feloniously abandon his illegitimate child, without providing adequate support for the said illegitimate child which he, the said Horace Gardner, had begotten upon the body of Gladys Autrey."

The solicitor for the State elected to try the defendant upon this indictment. Thereupon, defendant, through his counsel, moved the court (1) to quash the bill of indictment on the ground that the Superior Court did not have jurisdiction to find a bill or try the defendant on said bill; and (2) to quash the warrant of the general county court on the ground that same is defective. Motions overruled. Defendant excepts.

From judgment on adverse verdict upon trial in Superior Court, defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*James S. Howell and Worth McKinney for defendant, appellant.*

WINBORNE, J. It appearing upon the face of the bill of indictment that no crime is charged therein, the motion to quash it is well taken.

The wording and phraseology in the bill of indictment clearly indicate that it is drawn under the provisions of section 4447 of Consolidated Statutes of North Carolina, 1919, as amended by Public Laws 1925, chapter 290, pertaining to abandonment. That statute provides that "if any husband shall wilfully abandon his wife without providing adequate support for such wife, and the children which he may have begotten upon her, he shall be guilty of a misdemeanor: Provided, that the abandonment of children by the father shall constitute a continuing offense . . ." But this being a penal statute, it must be strictly construed. Hence, the children there referred to, are limited to those which the husband "may have begotten upon" the wife. It has no application to illegitimate children. Therefore, while undertaking to charge a crime under the statute, the descriptive words relating to the illegitimacy of the child take the charge out of the statute.

Furthermore, there is in this State no statutory crime of abandonment of an illegitimate child, and no such crime existed at common law.

As defendant was not tried in the Superior Court upon warrant issued out of general county court of Buncombe County, the question as to the sufficiency of the warrant may not be raised on this appeal.

The judgment below is

Reversed.