HAROLD KING V. STATE

No. 28,012. February 1, 1956.

</div>

*Croslin & Pharr,* by *E. G. Pharr, Lubbock,* for appellant.

*Harry Loftis,* Criminal District Attorney, by *T. Alex Beall,* Assistant Criminal District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

By Sec. 4, of Art. 93b, Vernon's R. C. S., it is made unlawful for any person to sell any agricultural seed having a false labeling.

This is a conviction under that statute, with punishment fixed at a fine of $5. The prosecution arose and was commenced in the county court.

The information charges only that the appellant "did then and there unlawfully sell agricultural seed that were falsely labeled." There is no allegation as to whom the sale was made.

Art. 406, C. C. P., provides that "To charge an unlawful sale, it is necessary to name the purchaser."

In Keeton v. State, 159 Tex. Cr. R. 431, 264 S. W. 2d 737, we held it necessary that in order to charge the offense of unlawfully selling whisky in a dry area the information must allege the name of the purchaser, if known, and, if unknown, that fact should be alleged. See, also, Hoover v. State, 97 Tex. Cr. R. 91, 259 S. W. 1088.

The information in this case being fatally defective for failing to name the purchaser, the judgment is reversed and the prosecution ordered dismissed.