STATE v. Z. R. BISSETTE.

(Filed 12 June, 1959.)

**1. Constitutional Law § 28—**

A valid bill of indictment is required as an essential of jurisdiction in all prosecutions for crime originating in the Superior Court. Constitution, Art. I, sec. 12.

**2. Indictment and Warrant § 9—**

An indictment must charge the offense with certainty so as to identify the offense, protect the accused from being twice put in jeopardy for the same offense, enable the accused to prepare for trial, and support judgment upon conviction or plea, and it is required that the indictment state the essential facts and not mere conclusions.

**3. Agriculture § 9½ —**

An indictment under G.S. 106-283 charging the sale or offering for sale seed not labeled in accordance with G.S. 106-281 should allege the person to whom defendant sold or offered to sell seed not properly labeled, or that the purchaser was in fact unknown, the particulars in which the label failed to meet the statutory requirements, and where and how the seed were exposed to sale.

**4. Same—**

An indictment under G.S. 106-283 charging that defendant sold or offered for sale tobacco seed having a false or misleading label should allege

STATE *v.* BISSETTE.

the person to whom the seed were sold or offered for sale or that the purchaser was in fact unknown, and the intent to defraud.

PARKER, J., dissenting.

APPEAL by defendant from *Crissman, J.,* December 1958 Term of ROCKINGHAM.

The grand jury at the October 1958 Term returned as a true bill the following:

"The Jurors for the State upon their oath present, That Z. R. Bissette, late of the County of Rockingham, on or about Dec., 1956 and/or Jan., in the year of our Lord one thousand nine hundred and 57, with force and arms, at and in the County aforesaid, First count— Did unlawfully and willfully sell, offer, and expose for sale tobacco seed not labelled in accordance with N. C. General Statutes 106-281;

"Second Count—Did unlawfully and willfully sell, offer, and expose for sale tobacco seed having a false and misleading label in that said label represented the seed as being Bissette's 711 when in fact said seed was not Bissette's 711 tobacco seed.

against the form of the statute in such case made and provided and against the peace and dignity of the State."

Defendant in apt time moved to quash the bill for failure to state facts sufficient to charge defendant with the commission of a crime.

This motion was overruled. Thereupon he filed a separate motion to quash the second count. This motion was likewise overruled. Defendant, having excepted to the refusal to allow his motions, pleaded not guilty. The jury returned a verdict of not guilty on the first count and guilty on the second count. Defendant made motions to set aside the verdict of guilty and in arrest of judgment. These motions were denied. Prayer for judgment was continued to the December Term 1958, at which time a fine was imposed, and defendant appealed.

*Attorney General Seawell and Assistant Attorney General Bruton for the State.*

*Gwyn & Gwyn and Robert A. Farris for defendant, appellant.*

RODMAN, J. Art. I, sec. 12 of our Constitution requires a bill of indictment, unless waived, for all criminal actions originating in the Superior Court, and a valid bill is necessary to vest the court with authority to determine the question of guilt or innocence. *S. v. Helms,* 247 N.C. 740, 102 S.E. 2d 243; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166.

What are the essentials for a valid bill of indictment? *Parker, J.,*

gave a clear and concise answer to this question in *S. v. Greer*, 238 N.C. 325, 77 S.E. 2d 917. He said: "The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case. (Cases cited.)" The essentials have been restated in equally clear and emphatic language in several recent cases. *S. v. Walker*, 249 N.C. 35; *S. v. Banks*, 247 N.C. 745, 102 S.E. 2d 245; *S. v. Jordan*, 247 N.C. 253, 100 S.E. 2d 497; *S. v. Helms, supra; S. v. Cox*, 244 N.C. 57, 92 S.E. 2d 413; *S. v. Strickland*, 243 N.C. 100, 89 S.E. 2d 781; *S. v. Burton*, 243 N.C. 277, 90 S.E. 2d 390; *S. v. Scott*, 241 N.C. 178, 84 S.E. 2d 654.

Mere conclusions of the pleader are not sufficient. A plain and concise statement of facts is required by statute in both civil (G.S. 1-122) and criminal (G.S. 15-153) actions.

When this rule is applied to the bill here considered, is it sufficient to meet the test? The answer can only be found by looking at the statutes defining the asserted criminal conduct.

G.S. 106-283 declares it unlawful for any person to sell or offer for sale agricultural seed for seeding purposes: "(3) Not labeled in accordance with the provisions of s. 106-281, or having a false or misleading label, or having seed analysis tags attached to the containers of seed bearing thereon a liability or nonwarranty clause: Provided, that the provisions of s. 106-281 shall not apply to seed being sold by a grower to a dealer, or to seed consigned to or in storage in a seed cleaning or processing establishment for cleaning or processing. . . ."

Agricultural seed sold or exposed for sale are required to be labeled. G. S. 106-281. The provisions of this section pertinent to tobacco seed provide: "(1) The label requirements for peanuts, cotton and tobacco seed shall be limited to: (a) Lot number or other identification. (b) Origin, if known; if unknown, so stated. (c) Commonly accepted name of kind and variety. (d) Percentage of germination with month and year of test. (e) Name and address of person who labeled said seed or who sells, offers, or exposes said seed for sale."

"(7) No person shall be subject to the penalties of this article for having sold, offered, or exposed for sale in this State any agricultural

or vegetable seeds which were incorrectly labeled or represented as to origin, kind and variety, when such seeds cannot be identified by examination thereof, unless he has failed to obtain an invoice or grower's declaration giving origin, kind and variety, and to take such other precautions as may be necessary to insure the identity to be that stated."

The first count merely alleges a sale or offer to sell or exposure for sale of tobacco seed not labeled as required by G.S. 106-281. It does not tell (a) to whom the seed were sold or offered for sale or where or how exposed for sale, or (b) the manner in which the label failed to comply with statutory requirements. Was the asserted failure to label as required by the statute due to (a) absence of the name and address of the person labeling, or (b) an incorrect statement of germination or absence of a statement of germination, or (c) an incorrect statement as to date tested for germination, or (d) an incorrect statement of the variety of seed in the container?

Looking at the evidence and not at the indictment, it appears that defendant, a grower, sold to Penn Hardware Company, a seed dealer, tobacco seed which it in turn sold to tobacco farmers. Some of the seed so sold produced tobacco of a discount variety, 244, instead of 711 as labeled. Different varieties of tobacco cannot be determined by an examination of the seed; only the resulting plant will show the difference. Conviction was sought on the first count because the label named the seed as variety 711 when in fact it was 244 or a mixture with 244 predominating. There is no suggestion that the label failed in any other way to comply with the requirements of G.S. 106-281. The court charged if the defendant willfully failed to take precautions necessary to keep the seed up to the standard stated to return a verdict of guilty on this count. Notwithstanding this direction the jury returned a verdict of not guilty.

The second count charges a sale or exposure for sale of seed having a false and misleading label in that the label stated the seed to be 711 "when in fact said seed was not Bissette's 711 tobacco seed." The evidence offered to support this count is the same evidence offered to support the first count. The jury found defendant guilty—an incongruous result, demonstrating the wisdom of the rule requiring a statement of facts and not mere conclusions.

The bill of indictment makes the sale of the incorrectly labeled seed the basis for the prosecution. Where a sale is prohibited, it is necessary, for a conviction, to allege in the bill of indictment the name of the person to whom the sale was made or that his name is unknown, unless some statute eliminates that requirement. The proof

must, of course, conform to the allegations and establish a sale to the named person or that the purchaser was in fact unknown. *S. v. Tisdale,* 145 N.C. 422; *S. v. Dowdy,* 145 N.C. 432; *S. v. Miller,* 93 N.C. 511; *S. v. Trice,* 88 N.C 627; *S. v. Pickens,* 79 N.C. 652; *S. v. Stamey,* 71 N.C. 202; *S. v. Faucett,* 20 N.C. 239; *S. v. Blythe,* 18 N.C. 199.

*King v. State,* 286 S.W. 2d 422 (Tex.) is the only case we have found which is based on the sale of falsely labeled agricultural seed. The court there held the bill fatally defective for failure to name the purchaser. True, the court there points out their statutes provide "To charge an unlawful sale, it is necessary to name the purchaser"; but they also refer to earlier decisions which recognize the rule of the common law.

It is not now necessary to allege the name of the purchaser of intoxicating liquors illegally sold. G.S. 18-17.

G.S. 15-151 likewise modifies the common law. It is not now necessary to name the injured party where prosecution is based on forgery or other fraud. It is, however, necessary to allege and prove the evil intent when fraud is the foundation for the prosecution. *S. v. Phillips,* 228 N.C. 446, 45 S.E. 2d 535; *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Horton,* 199 N.C. 771, 155 S.E. 866; *S. v. Reed,* 196 N.C. 357, 145 S.E. 691; *S. v. Edwards,* 190 N.C. 322, 130 S.E. 10; *S. v. Farmer,* 104 N.C. 887.

Defendant stands convicted on the second count. It alleges a sale of seed with a false and misleading label. It does not name a purchaser. It does not charge the incorrect statement of variety appearing on the label was part of a plan to defraud. Intent is ignored.

Defendant has been convicted on a bill which fails to state facts constituting a crime. His motion to quash should have been allowed.

Reversed.

PARKER, J., dissenting. G.S. 106-283 provides: "It shall be unlawful: a. For any person within this State to sell, offer, or expose for sale any agricultural or vegetable seed for seeding purposes . . . (3) . . . having a false or misleading label."

The bill of indictment with two counts is set forth in the majority opinion. The jury acquitted on the first count, and convicted on the second. Therefore, we are not concerned with the first count. The majority opinion holds that the second count in the bill should be quashed for two reasons: One. It does not allege a purchaser. Two. It does not allege a fraudulent intent.

The language of the statute creating the offense charged in the second count does not require allegation or proof of a fraudulent in-

tent to make out the offense prohibited. If the General Assembly had intended to make fraudulent intent as essential element of the offense, it would have said so. For this Court to write such a requirement into. the language of the statute is judicial legislation.

. The. majority opinion states that the second count is defective because it does not name a purchaser, and cites in support of the statement some of our earlier cases, five of which involve the form of an indictment charging the sale of intoxicating liquor prior to G.S. 18-17, one of which holds that where an indictment under the Acts of 1885, Ch. 175, §28, charges a sale by a drummer of goods, wares and merchandise to have been to two as partners and the proof is a sale to one only the variance is fatal, and another is an indictment for conspiracy in three counts — first for conspiring to commit rape upon F, second the like offense upon E, and third the same upon "certain females to the jurors unknown," and another deals with the form of an indictment for disposing of mortgaged property.

In an indictment for the unlawful sale of intoxicating liquor, the authorities, in the absence of a statute upon the subject, are so entirely divided on the question as to whether or not the name of the person to whom the sale was made should be alleged that neither side can be said to be supported by a general current of judicial opinion. Black on Intoxicating Liquors, §464; 33 C.J., Intoxicating Liquors, p. 724 — many cases are cited in both text books —; 48 C.J.S., Intoxicating Liquors, p. 448; 30 Am. Jur., Intoxicating Liquors, §316.

The majority opinion states: "Looking at the evidence and not at the indictment, it appears that defendant, a grower, sold to Penn Hardware Company, a seed dealer, tobacco seed which it in turn sold to tobacco farmers."

. W. K. Glenn, a witness for the State, testified: "My partners and I, trading as Penn's Hardware Company, have had an arrangement with the defendant, Z. R. Bissette, under which we were to sell Bissette's seeds on consignment. We have sold the seeds on this basis either eight or nine years. We sold some Bissette's 711 seeds on or about December of 1956 and January 1957." Later, on redirect examination, Glenn testified: "Bissette's 711 seed sold for $5.00 per ounce retail. The seed was left to us to sell what we could and return what wasn't sold. We paid Mr. Bissette for what was sold and we returned any unsold seed." According to Glenn's testimony, the defendant shipped Penn's Hardware Company on 3 December 1956 thirty-two ounces of tobacco seed labelled Bissette's 711, on 24 December 1956 thirty-two ounces of tobacco seed with a similar

label, and on 7 January 1957 sixteen ounces of tobacco seed with a similar label.

I am aware of the rule that the Court in ruling on a motion to quash an indictment is not permitted to consider extraneous evidence, but is restricted entirely to the face of the indictment. *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663. In order to quash an indictment it must appear from the face of the indictment that no crime is charged, *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Gardner,* 219 N.C. 331, 13 S.E. 2d 529, or that the indictment is otherwise so defective that it will not support a judgment, *S. v. Francis,* 157 N.C. 612, 72 S.E. 1041; *S. v. Taylor,* 172 N.C. 892, 90 S.E. 294; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Cochran, supra.*

The second count in the indictment charges more than a sale. Conceding for the sake of argument that when a sale of tobacco seed is charged the name of the buyer must be alleged, I know of no law, when an article is unlawfully offered and exposed for sale, that requires the indictment to allege the names of prospective purchasers. The second count in the indictment charges also the offense of offering and exposing for sale tobacco seed having a false and misleading label, etc., in the language of the statute prohibiting the offense.

As a general rule, an indictment is sufficient when it charges the offense in the language of the statute. *S. v. Loesch,* 237 N.C. 611, 75 S.E. 2d 654; *S. v. Gregory, supra; S. v. Gibson,* 221 N.C. 252, 20 S. E. 2d 51; *S. v. George,* 93 N. C. 567; *S. v. Stanton,* 23 N. C. 424. There are a few exceptions to the rule, *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917, but, in my opinion, they do not embrace that part of the second count in the indictment which charges the defendant "did unlawfully and willfully offer and expose for sale tobacco seed having a false and misleading label in that said label represented the seed as being Bissette's 711 when in fact said seed was not Bissette's 711 tobacco seed."

I vote to overrule the motion to quash the second count in the indictment.