An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-742

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

v.

YOSHEIKA CHARMAINE SMITH

Cabarrus County
Nos. 09 CRS 7222-24, 704463,
709818, 710308

Appeal by Defendant from judgment entered 7 March 2013 by Judge Tanya T. Wallace in Cabarrus County Superior Court. Heard in the Court of Appeals 21 November 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Thomas E. Kelly, for the State.*

*Amanda S. Zimmer for Defendant.*

STEPHENS, Judge.

## I. Procedural History and Evidence

This appeal arises from the revocation of Defendant Yosheika Charmaine Smith's probation. On 24 August 2009, Defendant was indicted for possession with intent to sell cocaine (two counts), selling cocaine, delivering cocaine, and selling or delivering cocaine near a playground. Following

Defendant's 24 February 2011 *Alford* plea to the aforementioned charges and to three counts of driving with a revoked license, the trial court entered a consolidated judgment which imposed a suspended prison sentence of 29 to 44 months. As a result, Defendant was placed on supervised probation for 24 months.

Less than five months later, Defendant's probation officer filed a report alleging that Defendant had violated four conditions of her probation. On 1 December 2011, after finding that Defendant committed three of the alleged violations, the trial court modified Defendant's probation, found her in contempt, and ordered her to serve a thirty-day jail sentence.

Another violation report was filed on 28 November 2012, which alleged that Defendant was in arrears on her required court payments, failed to complete assigned community service, and had again been convicted of driving with a revoked license. Defendant admitted these violations at her 4 March 2013 hearing. After finding that Defendant had "violated her supervised probation in each and every way cited[,]" the trial court entered a 7 March 2013 judgment revoking Defendant's probation and activating her suspended sentence of 29 to 44 months of

imprisonment. From the 7 March 2013 judgment entered upon revocation of her probation, Defendant appeals.[1]

## II. Discussion

Defendant brings forward two arguments on appeal: (1) that the trial court lacked jurisdiction to revoke her probation for selling/delivering cocaine near a playground because the underlying indictment on that charge is fatally defective and (2) that the trial court abused its discretion by revoking her probation. As discussed herein, we vacate both the original and probation revocation judgments and remand for resentencing.

Defendant argues that the trial court lacked jurisdiction to revoke her probation and activate her sentence on the charge of selling/delivering cocaine near a playground because the indictment for that offense is fatally defective. Because Defendant attacks the validity of the underlying judgment against her, we must first determine whether this issue is properly before us.

---

[1] On 11 July 2013, Defendant filed a Motion for Appropriate Relief ("MAR") in this Court, asking that her sentence for selling/delivering cocaine near a playground be vacated because the judgment on that charge was entered upon a defective indictment. As Defendant makes the same argument in her brief, we dismiss her motion and address the issue in this opinion.

Over forty years ago, in *State v. Noles*, a defendant challenged the revocation of his probation by arguing that his guilty plea to the underlying offenses which formed the basis of the original judgment suspending his sentence was not entered understandingly and voluntarily. 12 N.C. App. 676, 678, 184 S.E.2d 409, 410 (1971). This Court found that when a defendant appeals from an order activating a suspended sentence, "inquiries are permissible only to determine [(1)] whether there is evidence to support a finding of a breach of the conditions of the suspension, or [(2)] whether the condition which has been broken is invalid because it is unreasonable or is imposed for an unreasonable length of time." *Id.* (citing *State v. Caudle*, 276 N.C. 550, 553, 173 S.E.2d 778, 781 (1970)). As a result, this Court held that the defendant's attempt to question "the validity of the original judgment where sentence was suspended on appeal from an order activating [his] sentence [constituted] an impermissible collateral attack." *Id.*

More recently, this Court has cited the general rule enunciated in *Noles* to dismiss several appeals challenging the trial court's jurisdiction to revoke probation. In *State v. Long*, the defendant appealed from revocation of his probation and challenged the trial court's jurisdiction to enter the

original judgment by arguing that "the trial court lacked jurisdiction to accept his [guilty] plea and to suspend and later activate the sentences . . . because [he] was not indicted on these offenses and did not effectively waive the State's responsibility to charge him by a bill of indictment." __ N.C. App. __, __, 725 S.E.2d 71, 72, *disc. review denied*, 366 N.C. 227, 726 S.E.2d 836 (2012). Applying *Noles*, this Court refused to reach the defendant's argument, reasoning that

> [the] defendant could have appealed his 2 July 2010 judgments as a matter of right or by petition in accordance with the procedures set forth in our statutes and appellate rules. However, because [the] defendant did not timely appeal by right or by petition from the 2 July 2010 judgments entered upon his guilty plea and only now attempts to attack these sentences imposed and suspended in 2010 in an appeal from the 7 March 2011 judgments revoking his probation, we conclude, consistent with three decades of Court of Appeals['] precedent, that this challenge is an impermissible collateral attack on the original judgments. Accordingly, this appeal must be dismissed.

*Id.* at __, 725 S.E.2d at 73 (citations, internal quotation marks, and alterations omitted).

In *State v. Hunnicutt*, the defendant argued that "the trial court lacked jurisdiction to revoke his probation in two of his cases because the indictments underlying those offenses [were] facially defective, and thus invalid." __ N.C. App. __, __, 740

S.E.2d 906, 909 (2013). The Court characterized the defendant's jurisdictional challenge in the following manner:

> A valid bill of indictment is essential to the jurisdiction of the Superior Court to try an accused for a felony and have the jury determine his guilt or innocence, and to give authority to the court to render a valid judgment. However, while it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division *only if and when* the case is properly pending before the appellate division. Thus, a defendant on appeal from an order revoking probation may not challenge his adjudication of guilt, as questioning the validity of the original judgment where sentence was suspended on appeal from an order activating the sentence is an impermissible collateral attack.
>
> [The] defendant contends that a challenge to the validity of an indictment, and thus the subject matter jurisdiction of the trial court, is not subject to the foregoing analysis, due to our Supreme Court's longstanding observation that a challenge to an indictment may be made at any time, even if it was not contested in the trial court. *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000). However, we read *Wallace* and the other cases cited by [the] defendant as addressing the question of whether a challenge to an indictment must be preserved at the trial level in order to be raised on direct appeal. This is a different question than the one presented by the instant case, in which [the] defendant attempts to challenge the jurisdictional validity of an underlying judgment against him long after the time for perfection of an appeal of that judgment has expired.

*Id.* (some citations, internal quotation marks, some brackets, and ellipses omitted). Relying on *Long* and *Noles*, this Court held that the defendant's "argument [was] not properly before [it] on appeal from a judgment revoking probation and activating his suspended sentences." *Id.* at __, 740 S.E.2d at 910.

However, in a recent opinion marshaling the case law on collateral attacks on judgments in probation revocation appeals, a panel of this Court concluded that "*Noles* [was] applied in both *Long* and *Hunnicutt* in a manner inconsistent with our Supreme Court precedent." *See State v. Pennell*, __ N.C. App. __, __, 746 S.E.2d 431, 439, *supersedeas and disc. review allowed*, __ N.C. __, 748 S.E.2d 534 (2013). The central issue in *Pennell* was whether the defendant could challenge the trial court's jurisdiction to revoke his probation on grounds that "the underlying indictment for his conviction of larceny after breaking or entering . . . was fatally defective." *Id.* at __, 746 S.E.2d at 443. After a thorough discussion of the pertinent case law, the *Pennell* court held that a "[d]efendant may, on appeal from revocation of probation, attack the *jurisdiction* of the trial court, either directly or collaterally." *Id.* at __, 746 S.E.2d at 441 (emphasis added). As a backdrop to its holding, the Court explained:

> Both our Supreme Court and this Court, in
> opinions predating *Long* and *Hunnicutt*, have
> addressed issues concerning the jurisdiction
> of the trial court in appeals from probation
> revocation. . . . We are bound by precedent
> of our Supreme Court and, because this Court
> may not overrule its own opinions, we are
> also bound by the earlier opinions of this
> Court that conflict with *Long* and *Hunnicutt*.

*Id.* (citations omitted).

*Pennell* undertakes an exhaustive review and sound analysis of the "often contradictory" case law governing a defendant's "appeal from revocation of probation[,]" and we see no need to repeat that discussion here. *Id.* at __, 746 S.E.2d at 433. Furthermore, the challenge in the instant case, as in *Pennell*, is to the trial court's jurisdiction to revoke probation when the underlying judgment was entered upon an allegedly fatally defective indictment. Accordingly, we conclude that *Pennell* and the precedent upon which it relies compel us to reach the merits of Defendant's argument. *See In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

As noted above, Defendant argues that the underlying indictment for her conviction of selling/delivering cocaine near a playground is fatally defective. At the time Defendant was charged, certain drug offenses committed on "property that is a public park or within 1,000 feet of the boundary of real property that is a public park" constituted Class E felonies. N.C. Gen. Stat. § 90-95(e)(10) (2007). Defendant contends that the indictment on this charge "fails to allege [that] the sale or delivery took place in a public park and fails [to name] the individual to which the controlled substance was sold or delivered." We agree that Defendant's indictment on this charge was fatally defective.

The superior court's jurisdiction cannot rest upon an invalid indictment. "[O]ur Constitution requires a bill of indictment, unless waived, for all criminal actions originating in the Superior Court, and a valid bill is necessary to vest the court with authority to determine the question of guilt or innocence." *State v. Bissette*, 250 N.C. 514, 515, 108 S.E.2d 858, 859 (1959). It is well settled that an indictment for the sale or delivery of a controlled substance must name the person to whom the defendant allegedly sold or delivered the narcotics or, in the alternative, allege that the name of the person is

unknown. *State v. Bennett*, 280 N.C. 167, 168, 185 S.E.2d 147, 148 (1971); *Bissette*, 250 N.C. at 517, 108 S.E.2d at 861 ("Where a sale is prohibited, it is necessary, for a conviction, to allege in the bill of indictment the name of the person to whom the sale was made or that his name is unknown, unless some statute eliminates that requirement.").

Here, Defendant was charged with selling or delivering cocaine near a playground as follows:

> The Jurors for the State upon their oath present that on or about the date of the offense shown and in the county named above, the defendant named above unlawfully, willfully, and feloniously did commit an offense under North Carolina General Statute 90-95(a)(1) of sell and deliver, a controlled substance Cocaine, within 1,000 feet of the real property boundary of Concord Chase Apartment's play ground [sic].

There is no indication in the indictment or the record as to whether the "Concord Chase Apartment's play ground [sic]" is a public park under section 90-95(e)(10).[2] However, we need not

---

[2] A previous version of the statute provided that "[a]ny person 21 years of age or older who commits an offense under G.S. 90–95(a)(1) on property that is a playground in a public park or within 300 feet of the boundary of real property that is a playground in a public park shall be punished as a Class E felon." *See* N.C. Gen. Stat. § 90-95(e)(10)(2005). The term "playground" was defined as "any outdoor facility . . . intended for recreation open to the public." *Id.* However, the General Assembly amended section 90–95(e)(10) to remove the word

make this determination. The indictment alleges neither the name of the person to whom Defendant allegedly sold cocaine nor that the name of the person is unknown. "Lacking either of these allegations, the indictment [charging Defendant with selling/delivering cocaine near a playground] is fatally defective and cannot sustain the [underlying] judgment in this case." *State v. Long*, 14 N.C. App. 508, 510, 188 S.E.2d 690, 691 (1972). Thus, "[t]he trial court [had] no jurisdiction to convict or sentence Defendant for [this] . . . charge[.]" *Pennell*, __ N.C. App. at __, 746 S.E.2d at 444. We therefore vacate the 24 February 2011 judgment which was entered upon Defendant's consolidated convictions and remand to the trial court for entry of judgment and resentencing on Defendant's remaining convictions: possession with intent to sell cocaine (two counts), selling cocaine, delivering cocaine, and driving with a revoked license (three counts). *See State v. Wortham*, 318 N.C. 669, 674, 351 S.E.2d 294, 297 (1987) ("[W]e think the better procedure is to remand for resentencing when one or more but not all of the convictions consolidated for judgment has been vacated.").

---

"playground" and the sentence defining "playground." *See* 2007 N.C. Sess. Laws ch. 375, §§ 1-2.

Further, we must also vacate the judgment revoking Defendant's probation. A "trial judge is required by the Structured Sentencing Act to enter judgment on a sentence for the most serious offense in a consolidated judgment[.]" *State v. Tucker*, 357 N.C. 633, 637, 588 S.E.2d 853, 855 (2003); N.C. Gen. Stat. § 15A-1340.15(b) (2011) ("The judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense, and its minimum sentence of imprisonment shall be within the ranges specified for that class of offense and prior record level[.]"). Here, Defendant's conviction for sell/deliver cocaine near a playground pursuant to N.C. Gen. Stat. § 90-95(e)(10) was a Class E felony, the most serious offense of those consolidated for judgment by the trial court. Thus, Defendant's sentence was entered upon her conviction for sell/deliver near a playground, a conviction based upon a fatally flawed indictment.

"A sentence based upon a conviction supported by a fatally defective indictment is a nullity and, therefore, not a valid sentence." *Pennell*, __ N.C. App. at __, 746 S.E.2d at 441. In turn,

> having no jurisdiction to convict or sentence Defendant for this . . . charge, [the trial court] was equally without jurisdiction to revoke probation on a

> conviction that did not legally exist, or to activate a sentence never legally imposed. Because the trial court lacked jurisdiction to activate any sentence imposed . . . , activation of that sentence is also a nullity. Defendant cannot have violated the probation terms of a suspended sentence which was void. Accordingly, we also vacate the judgment revoking Defendant's probation.

*Id.* at __, 746 S.E.2d at 444.

VACATED and REMANDED FOR RESENTENCING.

Judges GEER and ERVIN concur.

Report per Rule 30(e).