## STATE v. JOHN R. HERREN.

(Filed 26 May, 1917.)

**Criminal Law—Marriage and Divorce—Bigamy—Statutes—Suits in Another State—Decrees—Copies—Identity—Evidence, Prima Facie.**

Where the parties to an action for a divorce, brought in another State, and the place and the time of the marriage alleged are the same as appear in the marriage record here, it affords prima facie evidence of identity of a defendant tried for living in this State after a bigamous marriage in another State inhibited by the Laws of 1913, ch. 26; and it is reversible error for the trial court to exclude duly certified copies of the divorce suit and proceed to conviction upon the ground that defendant had not sufficiently identified himself as the plaintiff in the suit for divorce theretofore granted.

CRIMINAL ACTION, tried before *Shaw, J.,* at January Term, 1917, of BUNCOMBE.

The defendant is indicted under the act of 1913, chapter 26, which defines bigamy and makes cohabitation in North Carolina following a bigamous marriage in another State indictable and punishable as bigamous.

The State did not offer any evidence.

When the case was called for trial, the defendant admitted:

*a.* That defendant and Lizzie V. Hunsucker were married in the State of North Carolina.

*b.* That subsequently defendant went to the State of Georgia.

*c.* That defendant obtained a divorce in Georgia.

*d.* That defendant was thereafter married in Georgia to Stella Taylor.

*e.* That defendant, subsequent to said second marriage, returned to the State of North Carolina, and has been living in North Carolina with said Stella Taylor as man and wife prior to this indictment.

The defendant then offered in evidence the record in a suit for divorce in the Superior Court of Fulton County, Georgia, wherein *John R. Herren* was plaintiff and *Lizzie V. Herren* was defendant. The record duly certified under the act of Congress, was allowed as evidence, but after the defendant had rested, his Honor excluded the record, holding that the defendant had not offered evidence of his identity with the plaintiff in the Georgia suit. Defendant excepted.

The complaint in the Georgia suit alleged that the plaintiff, John R. Herren, and the defendant, Lizzie V. Herren, were married in *Buncombe County, North Carolina, on 28 March,* 1896.

The marriage record of Buncombe County shows that John R. Herren, the defendant, and Lizzie V. Herren, the prosecutrix, were married in *Buncombe County, North Carolina, on 28 March,* 1896.

51—173

A decree was rendered in the action in Georgia dissolving the bonds of matrimony prior to the second marriage of the defendant.

There was a verdict of guilty, and the defendant appealed from the judgment pronounced thereon.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*J. W. Haynes and Mark W. Brown for defendant.*

ALLEN, J. The defendant in this indictment is John R. Herren, and it is charged in the indictment that his first wife was named Lizzie V. Herren; and the plaintiff in the proceeding for divorce in Georgia was John R. Herren and the defendant therein was Lizzie V. Herren.

This identity of names, nothing else appearing, furnishes evidence of the identity of person.

"Identity of name is prima facie evidence of identity of person, and is sufficient proof of the fact, in the absence of all evidence to the contrary." 10 R. C. L., 877; *Wilson v. Holt,* 83 Ala., 528; *Estate of Williams,* 128 Cal., 553; *Summer v. Mitchell,* 29 Fla., 179; *Brown v. Metz,* 33 Ill., 339; *Jackson v. King,* 5 Cow. (N. Y.), 237; *Chamblee v. Tarbox,* 27 Tex., 139.

There was also other evidence of the identity of the person. The complaint in Georgia alleged the marriage of plaintiff and Lizzie V. Herren in Buncombe County, North Carolina, on 28 March, 1896, and the record of marriages of Buncombe County shows the marriage of the plaintiff and the defendant in Buncombe County, the day alleged.

The defendant also introduced evidence tending to prove that he left North Carolina in the fall of 1912, intending to make his home in Georgia, and that he did not thereafter live in North Carolina until some time during the year 1916; that he was seen in Atlanta, where the decree for divorce was rendered, and that while there he showed to a witness copies of the decree for divorce in the action entitled John R. Herren against Lizzie V. Herren.

There was, therefore, error in excluding the record of the action in Georgia and in refusing to permit the jury to consider it, and a new trial must be ordered.

New trial.