STATE OF NORTH CAROLINA v. ROBERT WATSON.

(Filed 15 May 1968.)

**1. Criminal Law § 114—**

    In stating the defendant's contentions in a prosecution for manslaughter, the defendant not having testified, a statement by the trial judge that defendant says he could not control the car for some unknown reason, followed by the judge's comment that "it is not in evidence so maybe it could not even be explained that this car went out of control" *is held* an expression of opinion by the trial judge in violation of G.S. 1-180.

**2. Same—**

    Where the court expresses an opinion upon the weight of the evidence while stating the contentions of the parties, the appellant is not required to bring it to the trial judge's attention before verdict, but the question can be considered for the first time on appeal upon exceptions duly noted.

APPEAL by defendant from *Parker, Joseph W., J.,* 20 November 1967, Session BERTIE Superior Court.

The defendant was tried upon a bill of indictment charging him with manslaughter. Specifically the defendant was charged with culpable negligence in the operation of an automobile which overturned causing the death of one of the passengers, Edith Yvonne Askew, near Powellsville in the early morning hours of 27 May 1967.

Upon a plea of not guilty, he was tried by a jury and found guilty as charged. Judgment of imprisonment for a term of not less than five nor more than seven years was entered.

*T. W. Bruton, Attorney General, by T. Buie Costen, Staff Attorney, for the State.*

*Pritchett, Cooke and Burch by Stephen R. Burch for defendant appellant.*

BROCK, J. The defendant excepts to four portions of the charge of the Court wherein the trial judge was stating contentions of the State and contentions of the defendant. In stating a contention of the defendant the trial judge said: "He says he could not control the car for some unknown reason, and it is not in evidence so maybe it could not even be explained that this car went out of control on this slight curve and turned over with the resulting damages testified by some of the other witnesses."

The defendant did not testify in this case; therefore it is obvious that he has not said ". . . [H]e could not control the car for some unknown reason . . ." The rest of the above-quoted portion of the charge constitutes a critical comment by the trial judge upon the defendant's failure to explain what caused the accident. Such a comment constitutes an expression of opinion by the trial judge in violation of G.S. 1-180.

The other portions of the charge to which the defendant excepts contain statements of contentions of the State. In this case the learned and experienced trial judge correctly explained the law to the jury and applied the law to the evidence, but in undertaking to state the contentions of the State and the defendant he has slipped into the error so often accompanying a statement of contentions; they become weighted too heavily on one side.

Objections to the statement of contentions should be brought to the trial judge's attention in order that a misstatement can be corrected by the trial judge before verdict; otherwise they are deemed to have been waived. *Doss v. Sewell,* 257 N.C. 404, 125 S.E. 2d 899. But the prohibition against the court expressing an opinion on the

evidence applies to the manner of stating the contentions of the parties as well as in any other portion of the charge. 4 Strong, N. C. Index, Trial, § 35, p. 341. Therefore, where the court expresses an opinion upon the weight of the evidence while stating contentions it is not required that it must be brought to the trial judge's attention before verdict; this question can be considered for the first time on appeal upon exceptions duly noted.

A statement of contentions by the judge is not required; and although a statement of contentions is permissible, the trial judge must exercise extreme care to retain, and convey the appearance of retaining, a cold neutrality. In this case we hold that in the statements of the contentions the trial judge expressed an opinion upon the weight of the evidence, and that this constituted prejudicial error which entitles the defendant to a new trial.

There were exceptions by the defendant to the introduction of evidence by the State which appear to have merit but we refrain from passing upon them because the questions will probably not arise again.

New trial.

CAMPBELL and PARKER, JJ., concur.