STATE OF NORTH CAROLINA v. JAMES HAYWOOD BEAMON
No. 6815SC393

(Filed 16 October 1968)

**1. Escape § 1;   Criminal Law § 40—    admissibility of commitment**
    In a prosecution for escape, a commitment issued under the hand and official seal of the clerk of Superior Court is admissible for the purpose

of showing that defendant was in lawful custody at the time of the alleged escape, it not being necessary that the commitment be certified in accordance with G.S. 8-34.

**2. Criminal Law § 118—— misstatement of contentions**

Ordinarily, objections to the statement of contentions should be brought to the trial judge's attention so that a misstatement can be corrected by the trial judge before verdict.

**3. Criminal Law § 114—— expression of opinion in stating contentions**

The prohibition against the court expressing an opinion on the evidence applies to the manner of stating the contentions of the parties as well as to any other portion of the charge.

**4. Escape § 1—— instructions supported by defendant's evidence**

In a prosecution for escape, instructions to the effect that defendant contends he was induced to leave, that sending him out to work was an excuse for him to leave, and that he ought to be the judge of his own situation *are held* not to constitute an expression of opinion by the court, such instructions being supported by defendant's testimony that prison officials continued to assign him to highway work which he was physically unable to perform, that he informed the prison officials that he would walk off if sent back to the highway squad, and that in walking away from the highway squad he did not intend to escape but only to leave the highway work.

APPEAL by defendant from *Bailey, J.,* 24 June 1968 Session, ORANGE Superior Court.

Defendant was convicted upon a bill of indictment charging the offense of escape from Department of Correction Unit 5535 on 25 October 1967. The indictment alleged that defendant was serving a sentence imposed at the 21 January 1966 Session, Durham Superior Court, for the misdemeanor of larceny of goods of a value of less than $200.00.

From a sentence of one year to commence at the expiration of all sentences previously imposed, defendant appealed.

*T. W. Bruton, Attorney General, by Dale Shepherd and Andrew A. Vanore, Jr., Staff Attorneys, for the State.*

*Haywood, Denny and Miller, by James H. Johnson, III, for the defendant.*

BROCK, J.

For the purpose of showing the lawfulness of defendant's confinement at the time of the alleged escape the State offered in evidence the commitment issued from the Durham Superior Court which was

contained in defendant's "field jacket" then in possession of the Department of Correction Unit to which defendant was assigned. This commitment contained the signature of a deputy clerk of Superior Court of Durham County and the official seal of the Clerk of Superior Court of Durham County.

[1] The defendant assigns as error the admission of this commitment upon the grounds that it was not certified in accordance with G.S. 8-34. In *State v. Stallings*, 267 N.C. 405, 148 S.E. 2d 252, Justice Bobbitt in writing for the Court said: "Unquestionably, certified copies of the records of the Superior Court of Wake County showing defendant's conviction and sentence were admissible to show defendant was in lawful custody at the time of the alleged escape. (Citing cases.) A commitment issued under the hand and official seal of the Clerk of Superior Court of Wake County was also admissible for this purpose." Under authority of *State v. Stallings* this assignment of error is overruled.

[4] Defendant assigns as error the trial judge's statement of defendant's contentions in his charge to the jury. In stating the defendant's contentions the trial judge said:

> "The defendant, on the other hand says and contends that you ought not be so satisfied, that you ought not to believe what the State's witnesses have said about it, that in fact he was induced to leave, that they should not have sent him out to work, when they did, they invited him to go, he says and contends that this was an excuse for him to leave, that he ought to be the judge of his own situation, . . ."

[2, 3] Ordinarily, objections to the statement of contentions should be brought to the trial judge's attention in order that a misstatement can be corrected by the trial judge before verdict; otherwise they are deemed to have been waived. But the prohibition against the Court expressing an opinion on the evidence applies to the manner of stating the contentions of the parties as well as in any other portion of the charge. *State v. Watson*, 1 N.C. App. 250, 161 S.E. 2d 159.

The defendant argues that the only effect of the above quoted portion of the judge's charge was to ridicule the defendant and make light of his contentions; and that this constituted an expression of opinion by the trial judge prejudicial to the defendant.

In order to understand what contentions arise from the defendant's evidence it is necessary to review some of it. Defendant testified that he was physically unable to shovel dirt such as is required of the squad assigned to work upon the highways. He further testified

that the doctor had restricted him to light work, but that the prison unit officials continued to send him out on the squad for highway work. Defendant offered his medical records of treatment during his incarceration. These records do not support his claim of physical disability. The defendant also offered the testimony of Dr. Roberts, the prison unit physician. Dr. Roberts testified that he did not tell the prison unit officials "over once, if any" to put defendant on light work. Dr. Roberts further testified that in his opinion defendant was able to shovel dirt. Lieutenant Rich, assistant superintendent of the prison unit to which defendant was assigned, testified that Doctor Roberts had recommended light work for the defendant on only one occasion; and that he was placed on light work that time.

The defendant testified on direct examination as follows:

"A.   This last time I told Captain Hurley and Lieut. Rich the doctor told them repeatedly not to put me out on the squad. I didn't want to go out on the squad to work, I was going against my will and against the doctor's will, and if they put me out on the squad, I was going to walk off and leave them.

"Q.   How long did you stay out on the squad this last time?

."A.   I didn't stay but about ten minutes after I got out there.

"Q.   What did you do?

"A.   I walked off into the woods."

Further on direct examination, defendant testified:

"Q.   Did anybody holler at you when you walked to the woods?

"A.   Nobody. I didn't escape from anything, just walked in the woods, I didn't break out of nothing, I didn't have handcuffs on me, nobody told me not to go, in fact, I told them I was going if they put me out there, they put me out there anyway."

And on cross-examination he testified:

"Q.   They just invited you to leave, didn't they?

"A.   Well, I think it was entrapment, they are guilty too before and after the fact of the crime. They knew that I was going to walk off if they took me out there and they were responsible for my custody.

"Q.   Nobody forced you to walk into the woods, did they?

"A.   Nobody forced me to breach their trust, no, sir."

The defendant's testimony contradicted the testimony of the State's witnesses, and therefore he contended by his testimony that the jury *ought not to believe what the State's witnesses have said about it*. He testified that the acts of the prison unit officials constituted entrapment, and he therefore contended by his testimony *that he was induced to leave*. He testified that he was physically unable to work on the highway squad, and therefore he contended by his testimony that *they should not have sent him out to work*. He testified that he told the prison unit officials that if they sent him out on the highway squad again that he was going to walk off, and that they put him out there anyway. Therefore, he contended by his testimony that *they invited him to go*. The substance of defendant's testimony was that he did not intend to escape but only to leave the heavy work after advising the prison officials of his physical disability, therefore he contended by his testimony that sending him to do heavy work *was an excuse for him to leave*. Defendant's testimony of his physical disability was contradicted by his other evidence from the doctor and his medical records. Therefore, defendant is the only person who determined that he was unable to work. He testified that he did not want to work on the highway squad and that if they sent him out he would be going against his will, and would walk off and leave them. Therefore by his testimony he contended that he, not the doctor or prison officials, *ought to be the judge of his own situation*.

[4]   In view of defendant's testimony and theory of his defense, we hold that no prejudicial error has been shown by the instruction complained of. The case was presented to the jury under applicable principles of law, and in the trial we find no prejudicial error.

No error.

BRITT and PARKER, JJ., concur.