STATE OF NORTH CAROLINA v. PEARL RANSOM

No. 68SC233

(Filed 16 October 1968)

1. **Intoxicating Liquor § 19— prosecution for unlawful sale — instructions**

In a prosecution for the unlawful sale of taxpaid whiskey, the State offered testimony of a Treasury agent that he purchased a one-half pint bottle of whiskey from defendant in her home on the date in question, while the witness for defendant testified that defendant was sick in bed on that date and that no one came to her home except the witness and a relative. *Held:* Trial court committed error in charging that defendant contended the Treasury agent was an aider and abettor or an accomplice of defendant in inducing the sale of the whiskey, since defendant by her evidence emphatically denied the making of the sale.

2. **Criminal Law § 118— instructions — charge on defendant's contentions**

A fundamental misconstruction of defendant's contentions will be held error notwithstanding the absence of objection at the time.

APPEAL by defendant from *Carr, J.,* 1 April 1968 Session, ROBESON Superior Court.

Defendant was charged in a warrant with the offense of selling taxpaid whiskey. From a verdict of guilty and judgment entered thereon in the District Court, she appealed to the Superior Court. Trial in the Superior Court was *de novo* by a jury upon the charge contained in the warrant.

The evidence of the State consisted of the testimony of an agent of the Alcohol and Tobacco Tax Division of the U. S. Treasury Department, who testified that he purchased a one-half pint bottle of whiskey from defendant in her home on the occasion in question; and the testimony of a deputy sheriff who testified that he instructed the undercover agent on how to get to defendant's home.

The testimony of defendant's only witness was to the effect that he was in defendant's home on the night in question and that defendant was sick in bed; and further that no one except a relative came to defendant's home on the occasion in question.

The jury returned a verdict of guilty, and judgment of confinement was entered. Defendant appealed.

*T. W. Bruton, Attorney General, by James F. Bullock, Deputy Attorney General, for the State.*

*W. Earl Britt for the defendant.*

BROCK, J.

[1]     Defendant's entire evidence was addressed to her defense that she did not sell any whiskey to the ATU agent, that she was sick in bed, and that no one except her one witness and a relative came to her home on the occasion in question.

In stating her contentions the trial judge charged the jury, *inter alia,* as follows:

> ". . . And she relies upon the principle of law which the Court will give you, also, at least she contends that you should scrutinize the testimony of the witness, in that he was engaged in promoting the transaction, and that he was at least an aider and abettor, or an accomplice, in the crime.

> ". . . And the defendant contends he was an accomplice, in that he was aiding and abetting her in the sale by purchasing the liquor, and if he was not a principal, that he was at least an accessory before the fact, in inducing her to make the sale to him.

> "Our Court has said that in passing upon an accomplice, you, the jury, should scrutinize his testimony closely, whether it is supported or unsupported, and you should only believe the same, if you do believe it, after careful and cautious consideration and your consideration of his testimony should be in connection with the fact that he is interested in the event, and the further fact that he, upon his own admission, is guilty as an accomplice of the crime charged against the defendant.

> "The defendant contends that you should scrutinize the testimony of the witness Brady, in the light of that instruction, and that you should not accept his testimony as true."

It is obvious that the defendant's evidence does not make such a contention. The contention given by the trial judge may be proper where a defendant contends entrapment; but here the defendant emphatically denies making a sale of whiskey to the State's witness. In this case the able and experienced trial judge has made a fundamental misconstruction of defendant's contention.

[2]     Ordinarily a misstatement of the contentions of the parties must be brought to the Court's attention in order that it can be corrected before verdict; otherwise objection thereto will be deemed to have been waived. *State v. Watson,* 1 N.C. App. 250, 161 S.E. 2d 159. However, a fundamental misconstruction of defendant's contentions

will be held error notwithstanding the absence of objection at the time. 3 Strong, N. C. Index 2d, Criminal Law, § 118, p. 29.

New trial.

BRITT and PARKER, JJ., concur.