STATE OF NORTH CAROLINA v. BOBBY LEE WALLS

No. 6926SC131

(Filed 28 May 1969)

1. **Escape § 1— prosecution for second escape — proof of custody — admissibility of commitment**

    In a prosecution for a second offense of escape, a commitment signed by the clerk of a city recorder's court and impressed with the seal of the clerk is admissible to show that defendant was in lawful custody at the time of the escape.

2. **Criminal Law § 68— identity of person by name — prima facie proof**

    Identity of name is prima facie evidence of identity of person, and is sufficient proof of the fact, in the absence of all evidence to the contrary.

3. **Escape § 1— evidence of defendant's identity — name — commitment**

    In a prosecution for a second offense of escape, where the name set out in the commitment is the same name as the defendant on trial, this identity of names, nothing else appearing, is *prima facie* evidence that the defendant on trial is the same person named in the commitment.

4. **Criminal Law § 141; Escape § 1— prosecution for second escape — proof of first conviction — commitment**

    In a prosecution for a second offense of escape, a more formal proof of the prior escape conviction is required than the commitment issued as the result of the prior conviction.

5. **Criminal Law § 141— prosecution for repeated offenses — evidence of prior conviction — transcript**

    Where a person is charged in a bill of indictment with an offense which, on conviction thereof, is punishable with a greater penalty than on the first conviction, and the indictment properly alleges a prior conviction, a duly certified transcript of the record of the first conviction shall, upon proof of the identity of the person of the offender, be sufficient evidence of the first conviction. G.S. 15-147.

**6. Criminal Law § 176— review of denial of motion to nonsuit**

On appeal from a denial of defendant's motion to nonsuit, all of the evidence actually admitted, whether competent or incompetent, including that offered by defendant, if any, which is favorable to the State, must be taken into account and so considered by the court in ruling upon the motion.

APPEAL by defendant from *Falls, J.,* 2 December 1968 Schedule A Session, MECKLENBURG Superior Court.

Defendant was tried upon a bill of indictment charging him with a second offense of escaping from the custody of the State Prison.

From a verdict of guilty as charged, and judgment entered thereon, defendant appealed.

*Robert Morgan, Attorney General, by Richard N. League, Staff Attorney, for the State.*

*T. O. Stennett for the defendant.*

BROCK, J.

**[1]** For the purpose of showing that defendant was in lawful custody at the time of the alleged escape, the State offered in evidence the commitment of Bobby Lee Walls, which commitment was signed by the Clerk of the City Recorder Court of Charlotte and which was impressed with said Clerk's official seal. This commitment recites the judgment of the Recorder Court to be for a term of two years upon conviction of temporary larceny of an automobile. The commitment is dated 20 September 1967, and the date of the alleged second escape is 13 September 1968; therefore the prison term specified in the commitment had not expired on the date of the alleged escape. Defendant assigns as error the admission of this commitment into evidence.

In *State v. Beamon,* 2 N.C. App. 583, 163 S.E. 2d 544, we held that a commitment signed by a deputy clerk of superior court and bearing the official seal of the clerk of superior court was admissible for the purpose of showing that defendant was in lawful custody at the time of the alleged escape. See also *State v. Cooper,* 3 N.C. App. 308, 164 S.E. 2d 550. It seems only reasonable that this rule should apply equally to a commitment bearing the signature of the clerk (or an assistant or deputy clerk) and the official seal of the clerk of any court of competent criminal jurisdiction in North Carolina.

**[2, 3]** The defendant further argues that the admission into evidence of the commitment was error because the State did not offer

evidence that the defendant on trial was the same person named in the commitment. The defendant did not take the stand.

The name as set out in the challenged commitment is exactly the same as the name of the defendant on trial. "This identity of names, nothing else appearing, furnishes evidence of the identity of person. Identity of name is *prima facie* evidence of identity of person, and is sufficient proof of the fact, in the absence of all evidence to the contrary." *State v. Mitchner,* 256 N.C. 620, 124 S.E. 2d 831; *State v. Herren,* 173 N.C. 801, 92 S.E. 596. See also 65 C.J.S., Names, § 15b(2), p. 41.

The challenged commitment was properly admitted to show that defendant was lawfully in custody at the time of the alleged escape and the identity of names was evidence of the identity of person requiring the jury to pass upon whether defendant on trial was the same person designated in the commitment. This assignment of error is overruled.

**[4]** For the purpose of showing a prior offense of escape, the only evidence offered by the State was a commitment issued by the clerk of Mecklenburg County Recorder Court reciting that Bobby Walls was convicted of escape at the 23 January 1968 Session of that court. The defendant assigns as error the admission of this commitment to establish a prior escape.

**[5]** Where a person is charged in a bill of indictment with an offense which, on conviction thereof, is punishable with a greater penalty than on the first conviction, and the indictment properly alleges a prior conviction, G.S. 15-147 provides that "a transcript of the record of the first conviction, duly certified, shall, upon proof of the identity of the person of the offender, be sufficient evidence of the first conviction." cf. *State v. Powell,* 254 N.C. 231, 118 S.E. 2d 617.

**[4]** There seem to be cogent reasons for requiring, as the statute does, a more formal proof of a prior conviction than that required for showing lawful custody. The use of only the commitment issued as the result of the prior conviction of escape for the purpose of establishing the prior conviction was error. This assignment of error is sustained.

**[6]** Defendant assigns as error the denial of his motion for nonsuit. "All of the evidence actually admitted, whether competent or incompetent, including that offered by the defendant, if any, which is favorable to the State, must be taken into account and so considered by the court in ruling upon the motion." *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679; accord, *State v. Walker,* 266 N.C. 269,

145 S.E. 2d 833; *State v. Virgil,* 263 N.C. 73, 138 S.E. 2d 777. The defendant's motion for nonsuit was properly overruled.

For the error in admitting a commitment to establish a prior offense of escape there must be a

New trial.

CAMPBELL and MORRIS, JJ., concur.