STATE OF NORTH CAROLINA v. JAMES COLIN HOLWAY

No. 7020SC193

(Filed 27 May 1970)

**1. Criminal Law § 118— charge on contentions of the parties**

Although the trial judge is not required to state or recapitulate the contentions of the parties, it is permissible for him to do so.

**2. Automobiles § 129; Criminal Law § 168— charge on contentions of the parties**

Although trial judge in drunken driving prosecution may have detailed the contentions of the parties more than good practice should dictate, no prejudicial misstatement appears in the court's statement of the contentions.

APPEAL by defendant from *Crissman, J.,* 27 October 1969 Session, UNION Superior Court.

Defendant was charged with operating a motor vehicle on the public highway while under the influence of intoxicating beverage on 17 December 1968, at about 2:30 a.m. on Highway 74 in the vicinity of Marshville, Union County, North Carolina. On 31 December 1968, defendant was found guilty in the District Court and gave notice of appeal.

On 4 November 1969 he was tried *de novo* in the Superior Court upon the original warrant, and found guilty by a jury.

*Attorney General Morgan, by Assistant Attorney General Melvin, for the State.*

*Childs & Patrick, and James E. Griffin, by Stuart R. Childs, for defendant.*

BROCK, J.

Defendant assigns as error four brief portions of the judge's charge to the jury. In one of these the judge was explaining to the jury the nature of the charges against defendant. In the other three the judge was recapitulating the contentions of the parties.

At the beginning of the charge, and again at the end of the charge, the judge clearly and accurately defined the elements of the offense with which defendant was charged. It seems the jury was accurately and adequately apprised of the applicable legal principles.

[1, 2]  Although the judge is not required to state or recapitulate the contentions of the parties, it is permissible for him to do so. *State v. Douglas*, 268 N.C. 267, 150 S.E. 2d 412; *State v. Watson*, 1 N.C. App. 250, 161 S.E. 2d 159. And although the trial judge in this case may have detailed the contentions more than good practice should dictate, nevertheless we find no prejudicial misstatement.

No error.

BRITT and HEDRICK, JJ., concur.