Mason v. Apt., Inc.

WILLIAM T. MASON v. DOUBLE OAKS APT., INC.

No. 7026DC592

(Filed 16 December 1970)

1. Injunctions § 12— temporary injunction — show cause hearing — burden of proof

At a hearing to show cause why an injunction should not be continued pending the final hearing on the merits, the burden is on the party seeking the injunctive relief to establish (1) that there is probable cause to believe that the party will ultimately prevail in a final determination of the case, and (2) that irreparable harm will befall the party if the injunctive relief is not ordered.

2. Ejectment § 1— summary eviction judgment — acceptance of subsequent rents — estoppel

A landlord who accepts rents accruing after the entry of a summary eviction judgment against his tenant is not estopped from regaining possession of the premises pursuant to the summary eviction judgment.

3. Ejectment §§ 1, 5— summary eviction judgment — rights of landlord

A landlord is clearly entitled to the amount of rent specified in the summary eviction judgment.

APPEAL by plaintiff from Gatling, District Judge, 27 April 1970 Civil Term of MECKLENBURG County District Court.

This is a civil action by the plaintiff, William T. Mason (Mason), to recover damages and injunctive relief allegedly resulting from the eviction of the plaintiff from an apartment owned by the defendant, Double Oaks Apt., Inc. (Double Oaks).

The facts pertinent to this appeal are as follows: Mason leased an apartment from Double Oaks on a week-to-week tenancy from 1952 until 28 February 1970. On 13 March 1970 Double Oaks instituted summary ejectment proceedings against Mason alleging that his rental term had expired on 28 February 1970 and demanded possession of the premises as well as $21.72 in rents allegedly due. On 23 March 1970 Eloise M. Stillwell, Magistrate, entered a default judgment against Mason awarding Double Oaks possession of the premises and $21.72 in rents plus costs of the action. On 24 March 1970 Mason gave Double Oaks two money orders totaling $44.00 which were accepted by Double Oaks in return for receipts which showed a $2.00 balance

still owing. On 1 April 1970 Mason tendered to Double Oaks another money order for $21.00 which was refused. On 7 April 1970, pursuant to a writ of possession issued on 3 April 1970 and served on 6 April 1970, the sheriff of Mecklenburg County removed Mason's belongings from Double Oaks Apartment. On 10 April 1970 Mason instituted this action against Double Oaks alleging that his eviction was illegal and praying that (1) the writ of possession which precipitated his eviction be quashed; (2) a writ of restitution be issued to restore him to possession of the premises; (3) he be awarded $95.00 in damages; (4) a temporary and preliminary injunction issue to prevent his eviction pending a final hearing on the merits; and (5) that a permanent injunction issue to permanently restrain the defendant from evicting the plaintiff unless consonant with law. On the same day, 10 April 1970, Grist, Superior Court Judge, entered an *ex parte* order temporarily restraining the defendant from renting or leasing the apartment in question pending further order of the court. An order of Thornburg, Superior Court Judge, dated 27 April 1970, remanded the matter to the District Court for a hearing which was held before Gatling, District Court Judge, on 28 April 1970. Following the hearing, Judge Gatling made findings of fact and conclusions of law in which he refused to issue the further injunctive relief prayed for, and ordered the temporary restraining order dissolved.

From this order the plaintiff appealed to the North Carolina Court of Appeals.

*Gail F. Barber, James Long and Thomas Wyche, by James Long, Legal Aid Society of Mecklenburg County, for plaintiff appellant.*

*John D. Shaw for defendant appellee.*

HEDRICK, Judge.

[1] The plaintiff was granted an *ex parte* temporary restraining order on 10 April 1970 which enjoined the defendant from renting or leasing the apartment previously occupied by the plaintiff pending further hearing and order of the court. At a hearing to show cause why the injunction ought not to be continued pending the final hearing on the merits, the burden is on the party seeking the injunctive relief to establish (1)

that there is probable cause to believe that the party will ultimately prevail in a final determination of the case, and (2) that irreparable harm will befall the party if the injunctive relief is not ordered. *Edmonds v. Hall,* 236 N.C. 153, 72 S.E. 2d 221 (1952); *Cablevision v. Winston-Salem,* 3 N.C. App. 252, 164 S.E. 2d 737 (1968).

[2, 3]  The plaintiff contends that " . . . a lessor who accepts rent from his tenant *qua rent,* after judgment of summary eviction against the tenant and in an amount exceeding that awarded in such judgment, thereby waives his right to rely upon the eviction judgment and becomes estopped to issue out a writ of possession based thereon." This contention is without merit. The landlord is clearly entitled to the amount of rent specified in the summary eviction judgment. In addition, the landlord is entitled to accrued rents which are not included in the judgment. Acceptance of these subsequently accrued rents does not estop the landlord from regaining possession pursuant to the summary eviction judgment. *Mauney v. Norvell,* 179 N.C. 628, 103 S.E. 372 (1920); *Vanderford v. Foreman,* 129 N.C. 217, 39 S.E. 839 (1901). The plaintiff has therefore failed to show probable cause that he will prevail in a final determination of the question.

We do not discuss whether the appellant made a sufficient showing of irreparable harm since the failure of one of the requirements will support the dissolution of the temporary restraining order and a denial of further injunctive relief.

The order of the District Court dissolving the temporary restraining order is affirmed.

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.