STATE OF NORTH CAROLINA v. ROGER DALE CHAPMAN

No. 7327SC651

(Filed 9 January 1974)

Escape § 1— fifth offense — record of prior convictions — sufficiency

In a prosecution for escape, fifth offense, the use of only the commitments issued as a result of prior convictions of escape for the purpose of establishing the prior conviction or convictions was error, since G.S. 15-147 required a transcript of the record of the prior conviction or convictions, i.e., a certified copy of the judgment or judgments.

APPEAL by defendant from *Friday, Judge,* 14 May 1973 Session of Superior Court held in LINCOLN County. Argued in the Court of Appeals on 31 October 1973.

Defendant was charged in a bill of indictment with escape, fifth offense. Defendant, at the time of his last alleged escape, was in custody, serving a sentence for breaking and entering and safecracking, a felony.

Before the jury was empaneled, defendant moved for a change of venue on the ground that a fair and impartial trial

State v. Chapman

could not be held in Lincoln County because of alleged wide-spread prejudicial publicity concerning defendant's alleged escape.

The State introduced evidence showing that defendant was placed in the custody of the North Carolina Department of Corrections, Lincoln County Subsidiary, on or about 21 March 1973; that defendant remained in custody until on or about 31 March 1973; and that defendant was returned to custody in the same unit on 11 April 1973.

The State also introduced into evidence three copies of orders committing defendant to the State Prison Department for prior escapes, one copy of the order committing defendant to the Prison Department for breaking and entering and safecracking, and one copy of a "Report of Escaped Inmate," detailing the alleged escape of defendant.

Defendant offered no evidence.

*Attorney General Morgan, by Assistant Attorney General Ray, for the State.*

*Thomas J. Wilson, by John A. Lafferty, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant contends that the trial court committed error in admitting into evidence the commitments for sentences imposed for convictions for prior escapes for the purpose of proving the prior convictions of defendant for escape.

The three copies of commitment orders offered by the State constituted the only evidence introduced for the purpose of showing the prior convictions for the offense of escape. The State has attempted to prove that the alleged escape was a *fifth* offense of escape committed by defendant.

It seems that the District Attorney has assumed a greater burden for the State than is necessary. The indictment alleges a *fifth* offense of escape. This creates the chore of offering competent evidence of four prior convictions for the offense of escape. Under G.S. 148-45 the maximum punishment which can be imposed for an offense of escape is authorized for a second offense. If the indictment had charged second offense, instead of fifth, the State would have needed to prove only one of the prior convictions.

"Where a person is charged in a bill of indictment with an offense which, on conviction thereof, is punishable with a greater penalty than on the first conviction, and the indictment properly alleges a prior conviction, G.S. 15-147 provides that 'a transcript of the record of the first conviction, duly certified, shall, upon proof of the identity of the person of the offender, be sufficient evidence of the first conviction.' cf. *State v. Powell,* 254 N.C. 231, 118 S.E. 2d 617." *State v. Walls,* 4 N.C. App. 661, 167 S.E. 2d 547.

The statute requires a more formal proof of a prior conviction than is required for merely showing lawful custody. The use of only the commitments issued as the result of prior convictions of escape for the purpose of establishing the prior conviction or convictions was error. A transcript of the record of the prior conviction or convictions, i.e., a certified copy of the judgment or judgments, is required by the statute.

We do not consider defendant's remaining assignments of error since the questions presented probably will not recur upon a new trial.

Because of the error in admitting copies of commitments to establish prior convictions for escape, there must be a

New trial.

Judges BRITT and MORRIS concur.