State v. Fogler

STATE OF NORTH CAROLINA v. STANLEY B. FOGLER

No. 754SC598

(Filed 3 December 1975)

1. Constitutional Law § 31; Criminal Law § 80— denial of request to examine witness's notes — absence of prejudice

Defendant was not prejudiced by the denial of his request to examine the notes of a police officer who testified for the State where there is no evidence of what type of notes defendant sought to inspect or who prepared them, and the record does not show that the witness used the notes in his testimony or to refresh his recollection.

2. Constitutional Law § 31; Criminal Law § 79— informing jury of codefendant's guilty plea — consent by defendant

Defendant cannot complain of the court's statement to the jury that a codefendant and his counsel were absent from the defense table because the codefendant had entered a plea of guilty where defendant consented to the court's explanation of the absence of the codefendant.

APPEAL by defendant from *Martin (Perry), Judge.* Judgment entered 13 February 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 23 October 1975.

Defendant and Clettis Wilbanks were each charged with felonious larceny and with conspiracy to commit felonious larceny. Without objection the cases were consolidated for trial. After the State presented its evidence, each defendant testified in his own behalf. Prior to arguments to the jury, defendant Wilbanks changed his pleas of not guilty to guilty of both charges. The court dismissed the conspiracy charge against defendant Fogler, and the case against Fogler was submitted to the jury only upon the felonious larceny charge. The jury returned a verdict of guilty of felonious larceny, and judgment of imprisonment for not less than six nor more than ten years was entered.

*Attorney General Edmisten, by Associate Attorney Claudette Hardaway, for the State.*

*Edward C. Bailey, for the defendant.*

BROCK, Chief Judge.

[1] Defendant assigns as error that the trial judge denied defense counsel the right to examine notes of a State's witness, Officer Sam Hudson. At the conclusion of defense counsel's

cross-examination of Officer Hudson, counsel requested permission to inspect Officer Hudson's notes. The request was denied by the trial judge. The record on appeal is barren of evidence that Officer Hudson used notes in his testimony or that he used notes to refresh his recollection. There is no evidence of what type of notes counsel sought to inspect, and there is no evidence of who prepared the notes to which counsel referred. Under these circumstances it cannot be shown that the denial of counsel's request was prejudicial error. This assignment of error is overruled.

[2] Defendant assigns as error the explanation of the trial judge to the jury for the absence of co-defendant Wilbanks and his counsel. At the close of all the evidence, in the absence of the jury, co-defendant Wilbanks entered pleas of guilty to the charges against him. After the jury returned to the courtroom to receive instructions from the trial judge, the following instruction was given:

> "THE COURT: 'Ladies and gentlemen, by agreement of the District Attorney and counsel for the defendant, after consulting with the Court, have agreed that I should advise the jury why the defendant, Wilbanks, is not now seated at the defense table with his attorney and that the only defendant seated at the defense table is Mr. Fogler with his attorney, Mr. Mercer and while you were out Mr. Wilbanks entered a plea of guilty and what I do in that regard is a question of punishment for the Court. So you are not concerned with the case against Mr. Wilbanks anymore. You may be concerned with it, but it is not for you to decide for he has already entered a plea of guilty and in your absence, also, I dismissed the charge of felonious conspiracy against Mr. Fogler. Therefore, the case will go to the jury against Mr. Fogler only on the question of felonious larceny.' "

It seems obvious to us that defendant requested, or at least consented to, the explanation of the absence of Wilbanks. Apparently at that time defendant considered the explanation to be advantageous. He should not now be heard to complain. This assignment of error is overruled.

The remaining assignments of error brought forward and argued in defendant's brief are addressed to four phases of the trial judge's charge to the jury. We have considered each of

these, and in our opinion error prejudicial to the defendant has not been shown. In our opinion the parts of the charge addressed by these assignments of error do not constitute such error as was pointed out in *State v. Powell,* 6 N.C. App. 8, 169 S.E. 2d 210 (1969) ; *State v. Beamon,* 2 N.C. App. 583, 163 S.E. 2d 544 (1968) ; and *State v. Watson,* 1 N.C. App. 250, 161 S.E. 2d 159 (1968), which are relied upon by defendant. The assignments of error to the charge are overruled.

No error.

Judges HEDRICK and CLARK concur.