STATE OF NORTH CAROLINA v. GEORGE WILLIAM SALTER

No. 753SC985

(Filed 5 May 1976)

1. **Automobiles § 2— habitual offender — defendant same person named in abstract — burden of proof**

    Before a person can be determined an habitual offender as defined by G.S. 20-221, the court is required by G.S. 20-226 to find that "such person is the same person named in the abstract and that

such person is an habitual offender," and the burden of proof is on the State, the moving party, to satisfy the court by the greater weight of the evidence that the defendant is the same person named in the abstract and that the defendant is an habitual offender.

2. **Automobiles § 2— habitual offender — certified abstract of driving record — defendant same person named in abstract**

In an action to have defendant determined an habitual offender under G.S. 20-221, a certified abstract of the conviction record of George William Salter introduced by the State was competent evidence that the defendant George William Salter was the same person named in the abstract and fully supported the trial court's findings that defendant was the person named in the petition and that he was an habitual offender.

APPEAL by defendant from *Browning, Judge.* Judgment entered 11 September 1975, Superior Court, CARTERET County. Heard in the Court of Appeals 17 March 1976.

In August 1974 the State filed a petition to have the defendant determined an habitual offender under G.S. 20-221. To the petition was attached a certified abstract of the driving record of George William Salter. A show cause order was issued on 19 August 1974 and served on the defendant on 1 September 1974. At the hearing on the matter in September, 1975, one George William Salter appeared with counsel. The Court, over defendant's objection, received the driving record into evidence. Defendant offered no evidence. Judgment was entered which found (1) that defendant was the person named in the petition and (2) that he was an habitual offender. He was ordered to surrender his driver's license and to refrain from operating motor vehicles upon state highways. From this judgment, defendant appeals.

*Attorney General Edmisten by Special Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray for the State.*

*Wheatly & Mason, P.A., by L. Patten Mason for defendant.*

CLARK, Judge.

It is the contention of the defendant that there was no competent evidence to support the finding of the trial court that the defendant George William Salter was the same person named in the driving record abstract.

[1] Before a person can be determined an habitual offender as defined by G.S. 20-221, the court is required by G.S. 20-226

to find that "such person is the same person named in the abstract and that such person is an habitual offender . . . . "

The burden of proof is on the State, the moving party, to satisfy the court by the greater weight of the evidence that the defendant is the same person named in the abstract and that the defendant is an habitual offender. See *Joyner v. Garrett, Comr. of Motor Vehicles,* 279 N.C. 226, 182 S.E. 2d 553 (1971) ; 60 C.J.S., Motor Vehicles, § 164.28. Though G.S. 20-224 provides that the court enter an order directing the person named to show cause why he should not be barred from operating a motor vehicle on the highways of this State, the burden of proof is not on the defendant. In hearings to show cause why an injunction ought not to be continued pending final hearing on the merits, the burden of proof is on the party seeking injunctive relief, even though traditionally the notice order directs the defendant to show cause why the injunction should not be continued. *Mason v. Apt., Inc.,* 10 N.C. App. 131, 177 S.E. 2d 733 (1970). The proceeding under the habitual offender statutes is civil in nature. *State v. Carlisle,* 285 N.C. 229, 204 S.E. 2d 15 (1974).

[2]   In this case the court properly received in evidence an abstract of the conviction record of George William Salter as maintained in the office of the Commissioner of Motor Vehicles, pursuant to G.S. 20-222 and G.S. 20-42(b). The defendant did not deny that he was convicted of any offense shown in the abstract. See G.S. 20-225. He offered no evidence, and his counsel stated to the court that he did not want to be heard. We hold that the abstract of the conviction record of George William Salter was competent evidence that the defendant George William Salter was the same person named in the abstract and fully supports that finding by the trial court in the judgment.

"The name as set out in the challenged commitment is exactly the same as the name of the defendant on trial. 'This identity of names, nothing else appearing, furnishes evidence of the identity of person. Identity of name is *prima facie* evidence of identity of person, and is sufficient proof of the fact, in the absence of all evidence to the contrary. . . . ' " *State v. Walls,* 4 N.C. App. 661, 663, 167 S.E. 2d 547, 548 (1969). See *State v. Mitchner,* 256 N.C. 620, 124 S.E. 2d 831 (1962) ; *State v. Herren,* 173 N.C. 801, 92 S.E. 596 (1917) ; 65 C.J.S., Names, § 15(b) (2), p. 41.

The judgment is

Affirmed.

Judges BRITT and PARKER concur.