STATE OF NORTH CAROLINA v. CHRISTOPHER WAYNE JOHNSON

No. COA09-696

(Filed 2 March 2010)

**Indictment and Information— variance—different names relating to same person—identity—jury question**

The trial court did not err by denying defendant's motion to dismiss drug charges even though he contends there was a fatal variance between the indictment and the evidence produced during the case-in-chief. Where different names are alleged to relate to the same person, the question is one of identity and is exclusively for the jury to decide. The indictment and the evidence sufficiently established the identity of the purchaser to meet constitutional standards and requirements of proof.

Appeal by defendant from judgment entered 5 February 2009 by Judge Anderson D. Cromer in Surry County Superior Court. Heard in the Court of Appeals 28 October 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Ebony J. Pittman, for the State.*

*Irving Joyner for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Christopher Wayne Johnson ("defendant") appeals the trial court's denial of his motion to dismiss the charges alleged in the indictment of "unlawfully, willfully and feloniously" selling and deliv-

STATE v. JOHNSON

[202 N.C. App. 765 (2010)]

ering cocaine to "Detective Dunabro" at the close of the State's case-in-chief. Defendant contends that there was a fatal variance between the indictment and the proof with respect to the name of the purchaser, because the State's evidence tended to show that the purchaser was "Agent Amy Gaulden," not "Detective Dunabro." Since Detective Dunabro and Agent Amy Gaulden are the same person, and she was commonly known by both her maiden and married name, we find the description contained in the indictment and the evidence adduced at trial sufficiently identifies the purchaser to meet the jurisdictional requirements of our case law. For the reasons discussed herein, we find no error.

## I. FACTUAL BACKGROUND

On 5 September 2006, defendant was indicted for two offenses arising from violations of N.C. Gen. Stat. § 90-95(a)(1): (1) possession with intent to manufacture, sell and deliver cocaine, a controlled substance under Schedule II and (2) sale and delivery of a controlled substance to "Detective Dunabro." Defendant was tried on 5 February 2009.

In pertinent part, the State's evidence, as presented during its case-in-chief, tended to show the following: Officer Mark Ward, a Surry County Deputy Sheriff, asked SBI Dectective Amy Gaulden, then stationed in Winston-Salem, to come to Surry County to participate in an undercover drug transaction. Deputy Sheriff Ward and Detective Gaulden previously attended a Drug Enforcement Administration ("DEA") school which sponsored a two-week course for local law enforcement officers. Officer Ward identified Detective Gaulden for the jury, stating that they attended DEA school together; however, he clarified that "[s]he wasn't a Gaulden then." Subsequently, Detective Gaulden testified that her name was Amy Gaulden; however, the prosecutor did not inquire as to Detective Gaulden's maiden name or other names by which she was known. Detective Gaulden testified that she purchased cocaine from defendant during a drug transaction arranged by the Surry County Sheriff's office. She further testified that it was necessary for her to make the purchase to protect the identity of a confidential informant working with the Surry County Sheriff's office.

At the close of the State's case-in-chief, defendant moved to dismiss the charges and this motion was denied by the trial court. Following the defense's evidence, including defendant's testimony wherein he denied the charges, the State, during its rebuttal case,

introduced testimony from Deputy Sheriff Ward that Detective Gaulden's name was Dunabro when she and Deputy Sheriff Ward met, but that she was married in July 2006. Defendant did not object to the State's rebuttal evidence. At the close of all the evidence, defendant was found guilty of the drug charges. Defendant was also found guilty of, and pled guilty to, the offense of being an habitual felon and was sentenced to an active term of 120 to 153 months' imprisonment. On appeal, defendant initially made three assignments of error; however, all but one have been abandoned.

## II. Analysis

Defendant argues that his motion to dismiss should have been granted based on his contention that there was a fatal variance between the indictment and the evidence produced during the State's case-in-chief. Specifically, defendant argues that the indictment names "Detective Dunabro" as the purchaser of the cocaine; however, he contends that no evidence was supplied during the State's case-in-chief regarding a "Detective Dunabro." In support of this argument, defendant relies upon *State v. Bissette*, 250 N.C. 514, 108 S.E.2d 858 (1959) and *State v. Bennett*, 280 N.C. 167, 185 S.E.2d 147 (1971).

In *Bissette* the Court held that an indictment charging a defendant with unlawfully selling tobacco seed must aver that the sale was made to some particular person or persons, or to some person or persons unknown. 250 N.C. at 518-19, 108 S.E.2d at 861. The Court reasoned that an indictment must clearly and accurately allege all of the essential elements of the offense to be charged in order to

> (1) . . . identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial[;] and (4) to enable the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case.

*Id.* at 516, 108 S.E.2d at 860. Moreover, in *Bennett* the Court held that an indictment must contain the name of the purchaser where there is a statute outlawing sales of contraband which does not modify "the common-law requirement that the name of the person, to whom the accused allegedly sold narcotics unlawfully, be stated in the indictment when it is known." 280 N.C. at 169, 185 S.E.2d at 149.

Based on the aforementioned, the general rule appears to be the following: Where a sale is prohibited, it is necessary for a conviction

to allege in the bill of indictment the name of the person to whom the sale was made, or that his name is unknown, unless some statute eliminates that requirement. *See Bissette*, 250 N.C. 514, 108 S.E.2d 858; *Bennett*, 280 N.C. 167, 185 S.E.2d 147. Moreover, the proof must conform to the allegations and establish a sale to the named person or state that the purchaser was in fact unknown. *See id.*

In this case, both requirements of *Bissette* and *Bennett* have been met given that the indictment named "Detective Dunabro" as the purchaser of the drugs. First, the name of a purchaser was included in the indictment, thus meeting the pleading requirement of *Bissette*. Secondly, the purchaser was sufficiently identified in the indictment to meet the constitutional requirements that the defendant be able to prepare for trial and avoid double jeopardy.

The object and purpose of describing a person by that person's name is to identify the person. *State v. Salter*, 29 N.C. App. 372, 374, 224 S.E.2d 247, 249 (1976); *see also* 54 Am. Jur. 2d *Names* § 64 (2009). As a general rule, and at common law, a person may be designated in a legal proceeding by the name by which the person is commonly known, even though it may not constitute the person's "true name." *Id.* Moreover, it is not necessary that the person be known as well by the one name as by the other, and it is sufficient if the person is known by both names. *See id.*

A person has a common law right to assume any name he or she lawfully chooses. *In re Mohlman*, 26 N.C. App. 220, 225, 216 S.E.2d 147, 150 (1975). A married woman acquires her husband's surname by repute only, as a matter of custom, rather than as a matter of law.[1] Here, Detective Dunabro and Amy Gaulden are the same person and she is known by both names. The use of either name is merely a legal identification. It is common in today's society for persons to have professional names by which they are known. For instance, law enforcement officers and persons engaged in any other occupation are entitled to use their professional names at work. Moreover, defendant has not established any prejudice arising from the indictment's use of the purchaser's maiden name, nor is there any evidence of fraud or misrepresentation in the use of more than one name.

Where different names are alleged to relate to the same person, the question is one of identity and is exclusively for the jury to

---

1. *See* Romeo and Juliet (II, ii, 1-2)

"What's in a name? That which we call a rose By any other name would smell as sweet."

**STATE v. JOHNSON**

[202 N.C. App. 765 (2010)]

decide. *See Toole v. Peterson*, 31 N.C. 180, 9 Ired. 180 (1848); *State v. Walls*, 4 N.C. App. 661, 167 S.E.2d 547 (1969). Here, the jury resolved the issue. The indictment and the evidence sufficiently established the identity of the purchaser to meet constitutional standards and requirements of proof. Accordingly, we find

No error.

Judges ELMORE and STEELMAN concur.